## J. A. Whittington, Plaintiff in Error, v. National Lead Company, Defendant in Error.

### Gen. No. 29,407.

DISCONTINUANCE, DISMISSAL AND NONSUIT—*propriety of dismissal for plaintiff's refusal to furnish bill of particulars.* In an action for damages based upon alleged violations by defendant of the Occupational Disease Act, Cahill's Ill. St. ch. 48, ¶ 185 et seq., because of which plaintiff suffered from lead poisoning contracted while in defendant's employ, it was within the discretion of the court to order plaintiff to give a bill of particulars which would make known to defendant with reasonable certainty the charges of negligence which defendant would be required to meet upon the trial, and the dismissal of the cause for failure of the plaintiff to comply with the order was justified.

Error by plaintiff to the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1923. Affirmed. Opinion filed January 26, 1925.

MARX LOEHWING, for plaintiff in error.

ASHCRAFT & ASHCRAFT, for defendant in error; E. M. ASHCRAFT, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff in the trial court, who is plaintiff in error here, brought an action for damages based on certain alleged violations of the Occupational Disease Act (see Smith-Hurd Illinois Revised Statutes, 1923, pages 968-970). [Cahill's Ill. St. ch. 48, ¶ 185 *et seq.*]

The suit was begun July 26, 1920, and a declaration filed on November 5 thereafter, in which the date of the alleged injury was stated to be August 29, 1919. A general and special demurrer to this declaration was sustained as was a similar demurrer to an amended declaration thereafter filed. The plaintiff

then filed a second amended declaration to which defendant filed pleas and thereafter, upon motion of the defendant, the court ordered the plaintiff to file a bill of particulars.

In response to this rule, plaintiff filed a bill of particulars which was thereafter (properly as we think) adjudged to be insufficient, and plaintiff was (on motion of defendant, supported by affidavit) ordered to file a more specific bill. This plaintiff failed and refused to do, whereupon, on October 28, 1922, it was ordered that the cause should be dismissed at plaintiff's cost for noncompliance with the rule.

Plaintiff then sued out a writ of error in the Supreme Court upon the theory that constitutional rights and privileges had been violated, but that court held otherwise, stating: "The only question to be determined is whether a bill of particulars may be required in this class of cases, and if it may be required, whether it was proper to make an order on account of any general and indefinite charges alleged to have been made in the declaration not reasonably informing the defendant of the cause of action, and whether, if both these questions are answered in the affirmative, the bill of particulars filed was a sufficient compliance with the order." In conformity with this opinion the cause was transferred by the Supreme Court to this court. (See *Whittington v. National Lead Co.*, 311 Ill. 263.)

Plaintiff in error has again in this court cited certain provisions of the constitutions of the State of Illinois and the United States, which, in view of the opinion rendered by the Supreme Court of this State, we deem it unnecessary to consider.

He, however, asserts with apparent confidence the proposition that, under the law of this State, a bill of particulars may not be required in tort cases, citing in support of this proposition *Chicago & A. R. Co. v. Smith*, 10 Ill. App. 359, where the court in sub-

stance said that the practice of requiring the plaintiff in action for damages occasioned by negligence to file a specification or bill of particulars of his claim had not been adopted in this State. Other cases cited and relied upon are *Shadock v. Alpine Plank-road Co.*, 79 Mich. 7, and *Chicago City Ry. Co. v. Jennings*, 157 Ill. 274.

The proposition that bills of particulars may not be required in tort cases of any kind is not sustained by the cases cited, and it has been specifically held by the courts of this and other States that, in certain kinds of actions in tort bills of particulars may be required. (See *American Rolling Mill Corporation v. Ohio Iron & Metal Co.*, 120 Ill. App. 614; *Tilton v. Beecher*, 59 N. Y. 176; *Commonwealth v. Snelling*, 15 Pick. [Mass.] 321.)

Moreover, in *Chicago & N. W. Ry. Co. v. Chicago & E. R. Co.*, 112 Ill. 689 (which, however, was a condemnation proceeding), where the court denied the motion of the defendant to require a bill of particulars, the Supreme Court of this State held this, under the circumstances there appearing, to be error, and said:

"This motion was in the nature of an application for a bill of particulars, which is demandable in all kinds of actions and proceedings where, by reason of the generality of the claim or charge, the adverse party is unable to know, with reasonable certainty, what he is required to meet. 1 Tidd's Pr., 1st Am. Ed. 334-336.

"The rule applies even to criminal proceedings, as well as civil. Wharton, in his work on Criminal Law, vol. 3, sec. 3156, says: 'Whenever the indictment is so general as to give the defendant inadequate notice of the charge he is expected to meet, the court will, on his application, require the prosecution to furnish him a bill of particulars of the evidence intended to be relied on.' "

So, also, in the case of *McDonald v. People*, 126 Ill.

150, the Supreme Court of this State adopted the language of the Supreme Court of Massachusetts in *Commonwealth v. Giles,* 1 Gray 468, saying:

"It is now a general rule, perfectly well established, that in all legal proceedings, civil and criminal, bills of particulars, or specifications of facts, may and will be ordered by the court whenever it is satisfied that there is danger that otherwise a party may be deprived of his rights, or that justice cannot be done."

And in the Encyclopedia of Pleading and Practice, vol. 3, p. 523, it is said:

"A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the nature and the extent of the claim set up against him with greater particularity than is required by the rules of pleading.

"There is no inflexible rule as to the classes of cases in which a bill of particulars will be granted, but it rests within the sound judicial discretion of the court, to be exercised only in furtherance of justice."

And in Tidd's Practice (3rd Amer. Ed.) 596, it is stated:

"Where a general form of declaring is given by act of parliament, as upon the statute,  *  *  *  it seems reasonable that the plaintiff, if required, should give an account of the particulars of his demand, in order to enable the defendant to prepare for his defense. But whenever the particulars of the demand are disclosed in the declaration, as in *special assumpsits, covenant,* or *debt* on articles of agreement, etc., or in actions on matters of record, an order for such particulars does not seem to be requisite.

"In actions for *wrongs,* the injury complained of is in general stated in the declaration; and therefore, in such actions, it is not usual to make an order for the particulars; but circumstances may occur which render it necessary."

No case has been cited to us from this or any other State specifically holding that a bill of particulars should be granted in a simple action on the case for

negligence, such, for example, as was the suit in *Chicago City Ry. Co. v. Jennings, supra,* upon which plaintiff relies. It has never been the practice, so far as we are aware, in this State to grant a bill of particulars in an action of that particular kind. We would not be understood as saying that such a case may not arise, but the general practice is, and we think should remain, otherwise. In this case, however, the action is based upon an act of the legislature which prescribes in very general terms that a liability shall be created for the failure to comply with statutory requirements and the bill of particulars filed was quite as general in its terms as the statute.

The motion for a more specific bill of particulars was based upon the affidavit of one Lester T. Wilson, who stated that he was the superintendent of the defendant's works, in which white lead was manufactured; that the first count of plaintiff's declaration charged that defendant, during the time of plaintiff's employment, had wilfully and negligently failed to adopt reasonable and approved devices, means or methods for the prevention of occupational diseases as were incident to such work or process, and had wilfully violated and failed to comply with the provisions of the statute of the State of Illinois in that regard; that these averments were so general, uncertain and indefinite that affiant was unable to comprehend or understand in what particular the plaintiff will attempt to prove the defendant was negligent in that regard, as alleged in said first count of plaintiff's declaration. Affiant further states that the second count charged the wilful failure to provide reasonable and approved devices, means or methods for the prevention of such industrial or occupational diseases as were incident to such work or process; that defendant had wilfully violated section 2 of the Act in question [Cahill's Ill. St. ch. 48, ¶ 186], and that it had failed to furnish adequate and approved

respirators, and wilfully failed to furnish any respirators; that affiant had ascertained that defendant did furnish respirators for its employees who were exposed to lead poisoning during the time of plaintiff's employment, and anticipated that the respirators furnished were in some manner defective. The defendant had been unable, after inquiry, to ascertain that these respirators were defective; that the second count also alleged that the defendant had failed to furnish proper working clothing for the plaintiff, according to the provisions of the statute; that affiant's information was that plaintiff was properly clothed while in the employment of the defendant; that he was unable to ascertain or know from the averment of plaintiff's declaration in what particular, if any, plaintiff would attempt to show in the hearing of this case that the clothes he wore while in the employment of the defendant were in any manner defective or insufficient, and that plaintiff was injured thereby. Further, that in the third count of plaintiff's declaration he alleged the wilful violation of this statute in neglecting to have the plaintiff examined by a competent licensed physician, but he had been unable to learn or ascertain how or in what manner plaintiff would attempt to show he was injured by reason of such neglect. Further, that in the fourth count it had been alleged that defendant violated the statute by failing to provide and obtain adequate devices for carrying off poisonous and injurious fumes, poisons, particles, atoms and dusts, and failed to maintain and provide adequate facilities for carrying off such injurious substances, and wilfully swept and caused said floors to be swept during working hours, without sprinkling or dampening said floors; that the allegation as to the failure to sprinkle or dampen the floors was sufficient so that affiant could anticipate the proof in that regard, but that the other averments were so general

that defendant was unable to anticipate what evidence, or in what particulars, the plaintiff would attempt to show the defendant wilfully violated the statute.

We think that, in view of the allegations of this affidavit, it was within the discretion of the court to order plaintiff to give a bill of particulars which would make known to the defendant with reasonable certainty the charges of negligence which defendant would be required to meet upon the trial. It was, of course, not necessary that evidence in detail should be set up in the bill of particulars, but the specific respects in which it was claimed defendant was negligent would necessarily be made to appear when the plaintiff should present his case in court, and it seems to us there would be no injustice but that, on the contrary, the trial of the case would be expedited by requiring such a statement as would prevent surprise upon the trial. We also think that the court was justified in dismissing the cause for failure of the plaintiff to comply with the rule as entered. The conclusion to which we have arrived upon this branch of the case makes it unnecessary to consider cross errors which have been assigned and argued in behalf of the defendant.

The judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.