(No. 43867.—

RICHARD HOUSEWRIGHT *et al.,* Appellants, v. THE CITY OF LaHARPE *et al.,* Appellees.

*Opinion filed March 30, 1972.*

KLUCZYNSKI, DAVIS, and RYAN, JJ., dissenting.

SAMUEL J. NAYLOR, of Carthage, for appellants.

FLACK & DYE, of Macomb, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Richard Housewright, Donald Housewright and M. O. Housewright, partners doing business under the name of Housewright Soil Service, and Richard Housewright, individually, appeal from the judgment of the circuit court of Hancock County entered upon allowance of the defendants' motion to dismiss their third amended complaint. In this action plaintiff Richard Housewright seeks to recover damages for personal injuries suffered, and the partnership seeks to recover for damages to a truck owned by the partnership and being driven by Richard Housewright, as the result of a collision between the truck and an automobile owned by the defendant City of LaHarpe, and being driven by the defendant Max Klinedinst, the city marshal.

Counts I through IV name both the city and Kline-dinst as defendants on the theory that at the time of the collision Klinedinst was acting within the scope of his employment as marshal. Counts V through VIII are directed only against Klinedinst on the theory that at the time of the collision he was not acting within the scope of his employment. The partnership is the plaintiff in counts I and V which charge negligence and in counts III and VII which charge willful and wanton misconduct. Richard Housewright is the plaintiff in counts II and VI which charge negligence and in counts IV and VIII which charge willful and wanton misconduct.

In their motion defendants moved to dismiss counts I through IV on the ground that in these counts plaintiffs failed to allege that notices were given the defendant city as required by section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev.Stat. 1969, ch. 85, par. 8—102) and section 1—4—6 of the Illinois Municipal Code (Ill.Rev.Stat. 1969, ch. 24, par. 1—4—6). Defendant Klinedinst moved to dismiss counts V through VIII on the ground that these counts failed to allege the giving of the notice required by section 1—4—6 of the Illinois Municipal Code. Plaintiffs moved to strike portions of defendants' motion on the ground that section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act and section 1—4—6 of the Illinois Municipal Code are unconstitutional. The circuit court denied plaintiffs' motion, granted defendants' motion to dismiss all eight counts of the third amended complaint, and this appeal followed.

Section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act provides: "Within 6 months from the date that the injury or cause of action *** was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or

against any of its employees whose act or omission committed while acting in the scope of his employment *** caused the injury, must personally serve in the Office of the Secretary or Clerk *** for the entity against whom or against whose employee the action is contemplated a written statement *** giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any ***."

Section 8—103 provides: "If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees *** shall be dismissed and the person to whom such cause of injury [*sic*] accrued shall be forever barred from further suing."

Plaintiffs contend first that sections 8—102 and 8—103 violate section 13 of article IV of the constitution of 1870 which provides in pertinent part: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." They argue that the Local Governmental and Governmental Employees Tort Immunity Act embraces more than one subject and the subject embraced by these sections is not expressed in the title of the Act. This court has construed section 13 of article IV to require that the provisions of a statute must be reasonably connected with or auxiliary to the general subject of the act in which they are contained. *(People ex rel. Adams v. Sanes, 41 Ill.2d 381; Memorial Gardens Ass'n v. Smith, 16 Ill.2d 116; People ex rel. Coutrakon v. Lohr, 9 Ill.2d 539; Jordan v. Metropolitan Sanitary District of Greater Chicago, 15 Ill.2d 369; People ex rel. Brenza v. Gebbie, 5 Ill.2d 565.)* We find sections 8—102 and 8—103 to be reasonably connected to the general subject of the tort immunity of local public entities and their employees

and hold that the inclusion of these sections in the Act does not violate section 13 of article IV of the constitution of 1870.

Plaintiffs contend next that sections 8—102 and 8—103 violate the constitutional guarantees of due process of law and equal protection of the law. In *King v. Johnson, 47 Ill.2d 247,* we held that the classification created by these sections was reasonable and that they did not make a grant of special privileges or immunities in violation of section 14 of article II, or constitute special legislation in violation of section 22 of article IV of the 1870 constitution. For the reasons set forth in *King* we now hold that neither the requirement of notice nor the limitation of the time within which the notice must be given deprives plaintiffs of equal protection of the law in violation of the fourteenth amendment.

Plaintiffs seek to avoid the effect of section 8—103 by alleging facts that show the defendant city had actual notice of the occurrence, of the damage to the plaintiff partnership's vehicle and the individual plaintiff's personal injuries, and of all the information which section 8—102 provides must be contained in the notice. Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice.

Plaintiffs contend next that their amended complaint, which for purposes of the motion to dismiss must be taken as true, alleged that the defendant city had contracted for insurance against the liability sought to be imposed in this action, and that under the provisions of section 9—103 of the Local Governmental and Governmental Employees Tort Immunity Act the defense or immunity based upon the failure to give notice was waived. Section 9—103 provides: "(a) A local public entity may contract for

insurance against any loss or liability which may be imposed upon it under this Act. \*\*\* (b) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act."

Although this court, since the enactment of the Local Governmental and Governmental Employees Tort Immunity Act, has not considered the question presented, the appellate court has held that the procurement of liability insurance as authorized in section 9—103 does not serve to waive the provisions of article VIII of the Local Governmental and Governmental Employees Tort Immunity Act. *Schear v. City of Highland Park, 104 Ill.App.2d 285; Hoffman v. Evans, 129 Ill.App.2d 439; Brown v. Shook (Ill.App. 1971), 268 N.E.2d 883;* and *Rapacz v. Township High School District No. 207, 2 Ill.App.3d 1095.*

In *Schear* the court interpreted the waiver "of the defenses and immunities provided in this Act" to mean waiver "of the \*\*\* immunities provided in this Act." It stated: "If the defense of limitations were contemplated by this language, this would mean that the insurance company could not raise the statute even if the suit were to be brought some twenty years after the alleged injury. Clearly, it is unreasonable to suppose that such a result was intended by the legislature." (104 Ill.App.2d 285, 293.) We do not agree with this interpretation. In our opinion the waiver contemplated by 9—103(b) would waive the defense of the one-year limitation provided in section 8—101, but the 2-year limitation for personal injuries (Ill.Rev.Stat. 1971, ch. 83, par. 15) and the 5-year

limitation for property damage (Ill.Rev.Stat. 1971, ch. 83, par. 16) would be available in defense of an action *(Erford v. City of Peoria, 229 Ill. 546, 552)* "if the suit were to be brought twenty years after the alleged injury."

In *Hoffman,* without further discussion or reasoning, the court said: "The notice requirement contained in the statute [section 8—102] is a condition precedent to the cause of action. There must be strict compliance ***." (129 Ill.App. 439, 442.) Upon examination of the history of the statute and the authorities, we conclude that the appellate court relied upon decisions of this court which, as will be shown, are not relevant to the issue of waiver.

In *Brown v. Shook (Ill.App. 1971), 268 N.E.2d 883,* the court stated that nothing in the record shows there was insurance in effect at the time of the occurrence and went on to say that even if there were, *Schear* would control and the action would be barred.

In *Rapacz v. Township High School District No. 207,* the court said at p. 1102: "The intent of this Section 9—103, as above stated, is to prevent any insurer from avoiding liability by reason of immunities granted to uninsured municipalities. The immunities created by Articles II to VII inclusive are granted only for the benefit of uninsured municipalities. Defenses, established elsewhere in the Act, apply to all municipalities whether they are uninsured and depend upon statutory immunity or whether they have procured insurance. The Legislature did not intend that the waiver of immunities by the insurance company have any effect upon defenses granted to all municipalities including those without insurance." After commenting upon *Schear, Hoffman* and *Brown* the court said at p. 1103: "We therefore find that the waiver described in Section 9—103(b) is limited to 'immunities' created by the Act and it has no application to or effect upon 'defenses' based upon requirements of notice and limitations."

Statutes in substantially the form of sections 8—101,

8—102, and 8—103 were enacted as sections 1, 2 and 3 of "An Act concerning suits at law for personal injuries and against cities, villages and towns" (Laws of 1905, p. 111; Ill.Rev.Stat. 1913, ch. 70, pars. 6, 7, 8), reenacted as sections 1—4—1, 1—4—2 and 1—4—3 of the Illinois Municipal Code (Ill.Rev.Stat. 1963, ch. 24, pars. 1—4—1, 1—4—2 and 1—4—3), and repealed by section 10—101 of the Local Governmental and Governmental Employees Tort Immunity Act. Ill.Rev.Stat. 1965, ch. 85, par. 10—101.

The constitutionality of the predecessor to section 8—102, as originally enacted (Laws of 1905, p. 111), was upheld in *Erford v. City of Peoria, 229 Ill. 546.* In that case the action was brought against the city within 6 months after the injury but notice that an action would be brought was not given. The court stated that the only effect of the one-year limitation for commencing the action against cities, villages and towns was to take this action out of the operation of the general statute of limitations. As to the 6-month notice, it said: "Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." (229 Ill. 546, 553.) The court then affirmed the judgment dismissing the action. In *Walters v. City of Ottawa, 240 Ill. 259,* the court followed *Erford* and said: "The city has no power to waive the notice and is under no liability until it is given." (240 Ill. 259, 263.) In *Ouimette v. City of Chicago, 242 Ill. 501,* the court followed *Erford* and *Walters* and said: "The question of this notice is entirely within legislative control." 242 Ill. 501, 507.

Under the doctrine of *Molitor v. Kaneland Community School District, 18 Ill.2d 11,* absent a statute, there would be no requirement of notice of the type provided in section 8—102 and as we said in *Ouimette* the question of notice is entirely within legislative control.

Whether the immunity from suit and liability created by section 8—103 by reason of failure to comply with the provisions of 8—102 is included among those waived by reason of section 9—103(b) is also entirely within legislative control. For the reason that the defense or immunity which results from failure to comply with section 8—102 exists solely because of that section of the Governmental Employees Tort Immunity Act and because it is not excepted from the "immunity from suit by reason of the defenses and immunities provided in this Act" provided in section 9—103(b), we hold that the failure to give notice in accordance with section 8—102 is subject to the waiver provision of section 9—103(b).

We consider next the contentions with respect to section 1—4—6 of the Illinois Municipal Code. That section is a remnant of the statutory pattern concerning local governmental tort immunity which existed prior to the enactment of the Local Governmental and Governmental Tort Immunity Act and which was condemned in *Harvey v. Clyde Park District, 32 Ill.2d 60.* We do not reach the question of its constitutionality because it is not applicable to this case.

Section 1—4—6, in substance, requires municipalities with less than 500,000 population to indemnify any member of its police department to the extent of $50,000 for a judgment obtained against the policeman based upon his negligence while engaged in the performance of his duties as a policeman. The purpose of this statute was to protect policemen who, in the absence of indemnity, might be restrained from the performance of their duties by fear of exposure to judgments against them personally. *(Andrews v. City of Chicago, 37 Ill.2d 309, 311; Karas v. Snell, 11 Ill.2d 233, 243; Gaca v. City of Chicago, 411 Ill. 146, 154.)* To obtain the benefit of this section the police officer who is sued must, "within 10 days of service of process upon him, notify the municipality by whom he is or was employed, of the fact that the action has been

instituted and that he has been made a party defendant to the same."

Defendants argue that the failure of the defendant city marshal to give this 10-day notice to the defendant city bars plaintiffs' action against both defendants. Section 1—4—6 does not bar the common-law actions asserted against the city and the marshall in counts I through IV of plaintiffs' third amended complaint *(Andrews v. City of Chicago, 37 Ill.2d 309),* and by its own terms does not apply to either those counts which charge willful and wanton misconduct or those which allege that at the time of the collision the defendant city marshal was not engaged in the performance of his duties.

For the reasons stated plaintiffs were not required to allege the giving of notice pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act or section 1—4—6 of the Illinois Municipal Code and the circuit court of Hancock County erred in dismissing plaintiffs' third amended complaint on these grounds. The judgment is therefore reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

KLUCZYNSKI, DAVIS, and RYAN, JJ., dissenting.