238

SHIRLEY REYNOLDS *et al.,* Plaintiffs-Appellants, *v.* OTIS PERRY, Defendant-Appellee.

(No. 71-314; )

Fifth District—November 8, 1972.

Harris and Lambert, of Marion, for appellants.

James B. Bleyer, of Marion, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the dismissal of the plaintiffs' two count complaint in the Circuit Court of Williamson County. Count I was on behalf of the plaintiff, Shirley Reynolds, and Count II was on behalf of the plaintiff, Phillip Miller. Both counts grew out of the same occurrence. Count I was for personal injuries to the plaintiff Reynolds, and Count II was for damage to the vehicle driven by the plaintiff Reynolds, but owned by the plaintiff Miller. Both counts allege that the plaintiff Reynolds was driving a motor vehicle owned by the plaintiff Miller on a public street in the City of Marion, Illinois, on December 7, 1967; that the defendant, while driving in the same direction, negligently drove the vehicle which he was driving into the rear of her vehicle; and that as a result thereof the plaintiff Reynolds suffered personal injuries and the plaintiff Miller suffered property damages.

In response to the complaint the defendant filed a motion to dismiss alleging that at the time of the occurrence defendant was driving a school bus owned by a certain school district in Williamson County, and was acting within the scope of his authority and that the defendant failed to serve the secretary or clerk of the school district with a written statement in compliance with section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act, Chapter 85, Ill. Rev. Stat.

1967. Certain affidavits and reports were attached to the motion in support thereof.

The trial court granted the defendant's motion, dismissed the plaintiffs' complaint, giving plaintiffs leave to amend.

The plaintiffs subsequently filed their amended complaint identical to the original complaint, except that a new paragraph was added to each count, alleging that at the time of the occurrence the defendant was insured under a liability insurance policy issued to the school district with limits in excess of the *ad damnum* of the plaintiffs' complaint and that the coverage of the policy extended to the plaintiffs.

Motion to dismiss was filed by the defendant similar to the motion to dismiss the original complaint, with the additional allegation that the plaintiffs' allegation of insurance was not legally sufficient to avoid the legal requirements regarding notice and institution of suit.

Plaintiffs filed a motion to strike defendant's motion to dismiss the amended complaint alleging that section 8—102 which requires notice of injury within six months and 8—103 which provides dismissal and barring of the action for noncompliance with section 8—102, are in contravention of article II, section 14 and article IV, section 22 of the Illinois constitution of 1870.

The trial court again granted the defendant's motion to dismiss the amended complaint, denied the plaintiffs' motion to strike that motion and entered judgment for the defendant. The plaintiffs have appealed from that judgment.

The issues presented by the plaintiff are: (1) Whether chapter 85, section 8—102, Ill. Rev. Stat. requires an injured claimant to serve written notice within six months from the date of injury on the local public entity employer where suit is brought only against the employee, and the local public entity has provided liability insurance covering the vehicle and employee involved, the limits of which policy are in excess of the amount sought by the plaintiffs; and (2) whether chapter 85, sections 8—102 and 8—103, Ill. Rev. Stat. violates section 22 of article IV and section 2 of article II of the Illinois constitution of 1870.

In regard to the first issue, our Supreme Court in *Housewright v. City of La Harpe,* 51 Ill.2d 357, 282 N.E.2d 437, has recently held in a similar case brought against a local public entity, "that the defense or immunity which results from failure to comply with section 8—102 exists solely because of that section of the Governmental Employees Tort Immunity Act and because it is not excepted from the 'immunity from suit by reason of the defenses and immunities provided in this Act' provided in section 9—103(b), we hold that the failure to give notice in accordance with section 8—102 is subject to the waiver provision of section 9—103(b)."

240

Section 9—103(b) provides waiver of defenses and immunities in the event of insurance, and extends to an individual defendant employee of a local public entity while in the course of his employment.

We find the holding in *Housewright* to be dispositive of the first issue presented by the plaintiff. Having reached this conclusion as to the first issue we need not decide the second issue. Accordingly, the judgment of the Circuit Court of Williamson County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

CREBS and JONES, JJ., concur.