(No. 44907.—

LLOYD C. HELLE, Highway Commissioner, Appellee, v. BILLY G. BRUSH, Appellant.

*Opinion filed January 26, 1973.*

CLAUDON, ELSON & LLOYD, of Canton (JAMES J. ELSON, of counsel), for appellant.

FROEHLING & TAYLOR, of Canton, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The sole issue for our determination in this case is whether a timely counterclaim may be filed by the defendant, Billy G. Brush, against the plaintiff and counterdefendant, Lloyd C. Helle, Highway Commissioner for Lee Township Road District, a public entity, under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 8—102), when the underlying suit and counterclaim arise from the same occurrence. The trial court and appellate court (2 Ill. App. 3d 951) held that the defendant's counterclaim was barred because of his failure to give notice under the provisions of section 8—102 of the Tort Immunity Act, and his counterclaim was dismissed. We granted leave to appeal.

On June 28, 1968, Brush was involved in an accident with a road grader operated by the plaintiff. On May 7, 1969, the plaintiff filed this action in the circuit court of Fulton County seeking property damages against defendant Brush in the sum of $1,427.20. The suit was filed more than 6 months after the date of the accident; and the defendant had not filed notice of injury with the Road District within 6 months of the date of his injury, as required by section 8—102, if he were "about to commence any civil action for damages on account of such injury." The defendant did, however, file an answer and counterclaim on June 5, 1969. In the counterclaim he sought damages for the personal injuries which he suffered in the accident. This counterclaim was filed more than six months, but less than one year, after the date of the accident. See: Ill. Rev. Stat. 1967, ch. 85, par. 8—101.

We are of the opinion that the defendant should not be prohibited from filing his counterclaim. Section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 8—102) provides:

"Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, *any person who is about to commence any civil action for damages on account of such injury against a local public entity,* or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident and the name and address of the attending physician, if any." (Emphasis ours.)

Section 8—103 of the Act then provides:

"If the notice under Section 8—102 is not served as provided therein, *any such civil action commenced against a local public entity, or against any of its employees* whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." (Emphasis ours.)

The Tort Immunity Act, in part, is the legislative result of our decision in *Molitor v. Kaneland Community Unit Dist. (1959), 18 Ill.2d 11.* In general, it adopts the *Molitor* rule of liability of public entities but specifies certain exceptions and limitations to actions to enforce liability thereunder. The purposes of the statute requiring notice have been said to be: to permit early investigation and prompt settlement of meritorious claims; to avoid the expenses and costs of suit where settlement can be achieved; and to permit the public entity to determine its budget in advance, for taxing purposes. (*Reynolds v. City of Tuscola (1971), 48 Ill.2d 339, 342; King v. Johnson (1970), 47 Ill.2d 247, 250-51;* 56 Am. Jur. 2d, Municipal

Corporations, sec. 686.) The statement of these purposes elucidates the pragmatic reasons which underlie the notice and which are proper for our consideration in construing the statute. *People ex rel. Cason v. Ring (1968), 41 Ill.2d 305, 310.*

Here, the fact that the public entity commenced the action indicates that the facts were not stale, and the avowed purpose of avoiding the expenses of litigation cannot be achieved since the public entity initiated the litigation. While the additional purpose of enabling a public entity to determine its budget for tax purposes is laudable, it must be weighed against the rights of the person who is sued to assert a cause of action against the litigant who brought him to court.

Illustrative of this is section 17 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, par. 18), which provides that the bar of a statute of limitations should not in all circumstances be available as a defense to a counterclaim or setoff. The section provides:

"A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise: Provided, this section shall not affect the right of a bona fide assignee of a negotiable instrument assigned before due."

The applicable time limitation under the Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 8—101) had not yet run as to the defendant's cause of action when he filed his counterclaim.

Sections 8—101, 8—102 and 8—103 of the Tort Immunity Act and section 17 of the Limitations Act are *in pari materia* and should be construed together in determining the intent of the legislature relative to the issue under consideration. *Bergin v. Board of Trustees (1964), 31 Ill.2d 566, 574; People ex rel. Nordstrom v. Chicago and North Western Ry. Co. (1957), 11 Ill.2d 99, 106.*

The object or purpose, which undoubtedly motivated the legislature to provide that a statute of limitations should not prevent a person from asserting a setoff or counterclaim if he is sued by the party against whom the claim is barred, was to recognize the fundamental fairness of permitting a defendant to assert any claim he might have arising out of the occurrence for which he is being sued, as well as the desire to permit a defendant to have his complete day in court. Such object or purpose is compelling and furnishes sound logic in support of the conclusion that the notice sections of the Tort Immunity Act should not be construed to bar an action by an injured party who failed to serve notice of injury within 6 months on such entity, if he is first sued by the entity.

Sections 8—102 and 8—103 are addressed to a party who is "about to commence" or who has "commenced" a plaintiff's action against a local public entity as a defendant. Such provisions should be construed against the public entity. (*Reynolds v. City of Tuscola (1971), 48 Ill.2d 339, 342.*) The language of these sections does not indicate a legislative intent to bar a party sued by the public entity from asserting a counterclaim which arose out of the occurrence upon which the complaint of such entity is based.

When the aforesaid purposes of sections 8—102 and 8—103 are balanced against the provisions of section 17 of the Limitations Act, we find that the scales tip heavily in favor of permitting the defendant to have his day in court on his counterclaim. We construe the limitation of section 8—102 to apply only to those cases where the initial action is in fact commenced by any person against a local public entity, and we hold that in an action commenced by the local entity against the defendant, the serving of the notice required by this section is not a requisite to the filing of a counterclaim arising from the same occurrence.

In *Erford v. City of Peoria (1907), 229 Ill. 546,* at page 553, the court, in considering the 6-month notice

410

requirement of the Act which then pertained to municipalities, stated: "Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." While we agree with the judgment in *Erford,* its language was broader than was required to decide the case, and it was also imprecise.

In *Housewright v. City of LaHarpe (1972), 51 Ill.2d 357,* we held that the local public entity had the power to waive the notice requirement of section 8—102. Also see: *Fanio v. John W. Breslin Co. (1972), 51 Ill.2d 366, 369-70.* If such notice were mandatory and a condition precedent to the right to bring suit, then it could not be waived. Consequently, we hold the notice provision of section 8—102 not to be a condition precedent to the right to bring suit, but rather to be a limitation provision which can be waived by the local public entity, and, under the circumstances of this case, we regard the filing of suit by the plaintiff public entity as a waiver of this notice requirement.

For the reasons stated herein, the judgment of the appellate court is reversed and the cause remanded to the circuit court for further proceedings not inconsistent herewith.

*Reversed and remanded.*