(No. 46757.-

MARGARET SARAGUSA, Appellant, v. THE CITY OF
CHICAGO, Appellee.

*Opinion filed May 14, 1976.*

William J. Harte, Ltd., and Gerrard and Gerrard, both of Chicago (William J. Harte, of counsel), for appellant.

Richard Curry and William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistants Corporation Counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Margaret Saragusa, brought this action in the circuit court of Cook County against the defendant, City of Chicago, to recover damages for injuries suffered when she fell into a hole in a sidewalk. The case was tried without a jury, and resulted in a judgment for the plaintiff in the amount of $14,100. The defendant made an oral motion, apparently at the time the case came on for trial, to dismiss the complaint on the ground that the plaintiff

had failed to serve the city with a proper notice of her claim pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—102). The circuit court denied this motion, but on appeal the Appellate Court for the First District reversed (18 Ill. App. 3d 945). We allowed the plaintiff's petition for leave to appeal.

The plaintiff's accident took place on April 20, 1970, at which time the plaintiff was 79 years old. She suffered a broken hip. Immediately after her fall she was taken to a hospital where surgery was performed to remove a portion of the femur and to replace it with a prosthetic device. She remained in the hospital until June 6.

On June 23 the plaintiff's attorney served upon the city clerk of Chicago a written notice of claim, and on September 21, within six months of the date of her injury, the plaintiff filed her complaint.

At the time of the plaintiff's accident section 8—102 of the Tort Immunity Act provided as follows:

> "Within 6 months from the date that the injury or cause of action, referred to in Sections 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." Ill. Rev. Stat. 1971, ch. 85, par. 8—102.

A companion provision of the Act, section 8—103 (Ill. Rev. Stat. 1971, ch. 85, par. 8—103), provides that if the

notice under section 8–102 is not served as provided therein, any action commenced against the local public entity is subject to dismissal.

In its motion the defendant challenged the sufficiency of the plaintiff's statement on two grounds. One was that it was not signed. The other was that it failed to give the name and address of the treating hospital. While the other items of information called for by section 8–102 (all of which were supplied in the present case) have been specified in that section since its enactment in 1965, that part of the section calling for the name and address of the treating hospital was added by an amendment which became effective October 10, 1969 (Laws of 1969, at 4132, sec. 1).

The defendant filed its answer to the complaint on October 15, 1970, and on the same date propounded interrogatories to the plaintiff, including one which asked whether the plaintiff had been hospitalized. The plaintiff filed her answers to the interrogatories on December 22, 1970. The answer to the interrogatory asking for the name of the treating hospital was not responsive, but in answering another interrogatory seeking the names of the physicians by whom the plaintiff had been treated, the name of the hospital was listed as the address of two of them. The appellate court states in its opinion that the defendant would not necessarily infer, and did not in fact infer from this circumstance that the plaintiff had been treated at the named hospital. That conclusion is not supported by the record, however, for the defendant's counsel admitted in argument before the trial court that the defendant did conclude from the answers to the interrogatories that the plaintiff had been hospitalized at the hospital named in the plaintiff's answers.

Despite the absence of a signature on the notice and the defendant's awareness of the plaintiff's hospitalization, the defendant made no objection to the sufficiency of the notice until the day when the case came on for trial two

years later, in December, 1972. At that time the defendant's counsel advised the court that the defendant would not cross-examine any of the plaintiff's witnesses, since the defendant would stand on its motion challenging the sufficiency of the notice. Consistently with this position, the defendant also elected not to put in any evidence bearing on the merits of the plaintiff's claim.

With respect to the lack of a signature on the copy of the notice left with the city clerk, it was brought out at the trial that the original of the notice, possession of which had been retained by the plaintiff's counsel, did bear a signature. The trial court accordingly rejected the defendant's objection on that score. The appellate court agreed with the trial court, and the defendant has now abandoned that objection.

As to the failure of the notice to disclose the treating hospital, the trial court rejected that objection on the grounds that the notice did give the name and address of the attending physician, from whom the defendant could have ascertained the name of the treating hospital, and further that that information had been disclosed in the answers to the interrogatories.

On this issue the appellate court disagreed. It concluded that a notice which was incomplete, indefinite, or imprecise in some particular could be deemed legally sufficient only if the plaintiff had made a "substantial attempt" to comply with the statutory directive, an attempt which the court found lacking here, since the plaintiff here had wholly omitted the name of the treating hospital. As to the answers to the interrogatories, the appellate court held that these would not suffice since they were not supplied within six months from the date of injury.

We are inclined to believe that if any effect is to be given the 1969 amendment to section 8—102, the plaintiff's notice cannot be deemed to comply with that section. We hold, however, that the claimed deficiency in

the notice did not warrant the dismissal of the plaintiff's complaint since the complaint itself was also filed within six months of the injury for which recovery was sought.

The notice requirement of section 8—102 is to be read together with the limitations provision of section 8—101, which, at the time of the plaintiff's accident, required that suit be filed within one year (Ill. Rev. Stat. 1971, ch. 85, par. 8—101), as opposed to the two-year period of limitations which is generally applicable to actions for personal injuries (Ill. Rev. Stat. 1971, ch. 83, par. 15).

A common purpose of these two provisions, whose antecedents were first enacted in 1905 (Laws of 1905, at 111, secs. 1, 2), is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed. (*Helle v. Brush* (1973), 53 Ill.2d 405, 407-408; *Reynolds v. City of Tuscola* (1971), 48 Ill.2d 339, 342; *King v. Johnson* (1970), 47 Ill.2d 247, 250-251; *cf.* 56 Am. Jur. 2d *Municipal Corporations,* sec. 686 (1971).) Because a local government entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged period of time within which a claim must be asserted is reasonable, and the constitutionality of section 8—101 and of section 8—102 has accordingly been upheld against the charge that they form an unconstitutional classification. *King v. Johnson* (1970), 47 Ill.2d 247; *Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357; *Fanio v. John W. Breslin Co.* (1972), 51 Ill.2d 366.

Under our discovery procedures, a defendant may commence an inquiry into the relevant facts by serving interrogatories as soon as the defendant's appearance or answer is filed, as was done here. The information bearing on the defendant's liability which may be obtained in this manner will be more complete than what would be obtained under the limited and generalized specifications

called for in the statutory notice. Since section 8–102 prescribes no minimum period by which the service of the notice must antedate the commencement of suit, the filing of a complaint within the six-month period affords as much time to investigate the claim as the defendant would have if the notice had been filed within that period. We thus conclude that the filing of suit within the six-month period cured the defect in the notice.

We are mindful that in an early decision involving the 1905 counterpart of section 8–102, *Erford v. City of Peoria* (1907), 229 Ill. 546, this court took a view of the matter different from that which we now adopt. In *Erford,* suit was filed slightly over one month after the date when the injury occurred, and the plaintiff had given no prior notice at all to the defendant. The court commented on this aspect of the case as follows (229 Ill. at 553):

> "Finally, appellant insists that, if the act in question is constitutional, the bringing of the suit before the expiration of the six months was a sufficient compliance with the spirit of the statute, and that the statute ought to be held applicable only to cases where the suit was brought after six months after the injury and within one year. Such a construction of the act would in a great measure defeat the purpose of this law. If a party having a claim for personal injury may wait until the six months have about expired and then sue without giving any notice, the law might as well be repealed. Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit."

Decisions subsequent to *Erford* have extended this line of reasoning to the situation where, although notice was given, it was defective in some respect. See, *e.g., Ouimette*

*v. City of Chicago* (1909), 242 Ill. 501; *Minnis v. Friend* (1935), 360 Ill. 328.

That portion of the *Erford* opinion which characterized the furnishing of notice as a condition precedent to the right to bring suit has been overruled by more recent decisions holding that a local governmental entity may effectively waive its right to notice. Waiver has thus been found where the local government itself had instituted the litigation and the claim of the injured private individual was asserted as a counterclaim (*Helle v. Brush* (1973), 53 Ill.2d 405), or where the governmental entity has procured insurance protecting it against liability (*Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357; *cf. Fanio v. John W. Breslin Co.* (1972), 51 Ill.2d 366). In *Helle,* our opinion expressly repudiated the statement in *Erford* that notice was a condition precedent to suit. *Helle v. Brush* (1973), 53 Ill.2d 405, 409-410.

In 1907, when *Erford* was decided, the requirement of a presuit notice served a legitimate need, for discovery before trial as we know it today did not exist, except for the device of the bill of particulars, and the right to obtain the latter was at best doubtful in actions for common law negligence (see *Whittington v. National Lead Co.* (1925), 236 Ill. App. 104, 107-108). Except to the extent that the complaint itself might disclose the operative facts underlying a claim, the defendant would not learn them until the trial, and his ability to controvert the plaintiff's evidence was correspondingly impaired.

As we have already noted, the pretrial discovery techniques which were made available to a defendant with the passage of the Civil Practice Act in 1933 now afford a local governmental entity an adequate alternative method of obtaining notice of the basis of a plaintiff's claim. Our holding is therefore that the service of the defective notice and the filing of the plaintiff's complaint within six months following her injury entitled her to maintain the action. To the extent that *Erford v. City of Peoria*

expresses a contrary view, it is overruled. In view of the conclusion we have reached, we need not consider the plaintiff's contention that the defendant was precluded from objecting to the alleged deficiencies in the notice by the failure to raise its objection at an earlier point in the proceeding.

The judgment of the appellate court is accordingly reversed.

*Appellate court reversed;*
*circuit court affirmed.*