(No. 47473.—

FLORENCE DUNBAR, Adm'r, Appellee, v. ISAAC REISER *et al.*—(The City of Chicago, Appellant.)

*Opinion filed October 1, 1976.*

RYAN, J., dissenting.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellants.

Arnold H. Crane, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Florence Dunbar, administrator of the estate of Josephine Burdick, deceased, filed this wrongful death action in the circuit court of Cook County against defendants, Dr. Isaac Reiser, Northwest Hospital and the City of Chicago. The city filed a motion to dismiss the action as to it on the ground that plaintiff had failed to serve the city with notice of her claim as required by

section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—102). The circuit court denied the motion, and in its order made findings as provided in Rule 308. The appellate court, pursuant to Rule 308, allowed the city's application for leave to appeal, and affirmed. (26 Ill. App. 3d 708.) We allowed the city's petition for leave to appeal.

Count II of the complaint alleged that on June 16, 1973, the decedent suffered what appeared to be a heart attack; that the inhalator unit of the city's fire department was called and administered oxygen to the decedent; and that before decedent was transported to, or pronounced dead by, a licensed physician, and while she may have still been alive, the firemen withdrew the oxygen. The complaint was filed on July 13, 1973, and the city was served with summons on July 17. On August 14 the city filed its appearance, a jury demand and a motion to dismiss on grounds unrelated to this appeal. After a hearing on September 25, that motion was denied and the city was given 28 days to file its answer. The city filed its answer on October 1, 1973. On January 8, 1974, it filed a motion to dismiss on the ground that plaintiff had failed to give the notice required by section 8—102.

On the relevant date, section 8—101 of the Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 8—101) provided that no action could be commenced against a local public entity for any injury unless it was commenced within one year from the date "that the injury was received or the cause of action accrued." Section 8—102 provided that, within six months from the date that the injury or cause of action was received or accrued, any person who was about to commence an action for damages on account of such injury must serve the local public entity a written notice containing specified information concerning the claim. Section 8—103 provided that if the

notice under section 8—102 was not served as provided therein, any action commenced against the local public entity should be dismissed.

The statutory scheme embodied in sections 8—101, 8—102 and 8—103 was first enacted in 1905. (Laws of 1905, at 111, secs. 1, 2 and 3.) In *Erford v. City of Peoria,* 229 Ill. 546, a personal injury action was filed against the city within six months after the injury, but no statutory notice of the action was given. The plaintiff contended that the filing of his action before the expiration of the six months period was a sufficient compliance with the spirit of the statute, and that the statute should apply only when the action was brought more than six months after the injury. The court rejected this argument stating, "Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit." 229 Ill. 546, 553.

Relying upon *Erford,* the city contended in the appellate court that the notice requirement of section 8—102 was a condition precedent which could not be waived and that the city could not be estopped from raising it as a defense. The appellate court, citing *Housewright v. City of LaHarpe,* 51 Ill. 2d 357, and *Helle v. Brush,* 53 Ill. 2d 405, rejected the city's argument and held that a public entity, under some circumstances, may be estopped from raising the issue of failure to give the notice required by section 8—102. It found that the city "had to know" of the lack of notice prior to its filing the original motion to dismiss and before it filed the answer but waited until 10 days after the expiration of the six-month period to raise the question; that such action lulled the plaintiff into a false sense of security; and that unless the city could show some reasonable excuse for its failure to raise the issue prior to the expiration of the six months, and also

show some overriding prejudice to its position by the failure to give notice, it would be estopped from raising the question.

In this court, the city concedes that the notice requirement of section 8—102 may be waived. It argues: "The application of estoppel in the circumstances of this case in which the defendant merely did not take the initiative in warning plaintiff that she must comply with the procedural requirements of the Tort Immunity Act but asserted its defense pursuant to the terms of that statute at the earliest possible date, is particularly harsh and contrary to precedent. *** Nor can defendant's failure to call attention to the omission prior to the time the notice was finally due, and before it was yet available as a defense to the complaint, be reasonably construed by plaintiff as a manifestation of any intention to forever waive service of the notice."

After this case was argued and taken under advisement, we filed our opinion in *Saragusa v. City of Chicago,* 63 Ill. 2d 288. In that case plaintiff was injured on April 20, 1970. On June 23, 1970, she served the city with a defective, unsigned notice, and filed her complaint on September 21, 1970. After holding that the notice did not comply with the requirements of section 8—102, this court stated, "We hold, however, that the claimed deficiency in the notice did not warrant the dismissal of the plaintiff's complaint since the complaint itself was also filed within six months of the injury for which recovery was sought." 63 Ill. 2d 288, 292-93.

In response to plaintiff's contention that the filing of her complaint within six months of the injury satisfied the notice requirement of section 8—102, the city argues: "It was specifically held in *Erford v. City of Peoria,* 229 Ill. 546 (1907), that the filing of a complaint within six months of the injury does not constitute compliance with the notice statute. Of course the decisions in *Helle v. Brush,* 53 Ill. 2d 405 (1973), and *Housewright v. City of*

*LaHarpe,* 51 Ill. 2d 357 (1972), have diminished the authority of *Erford.* Nevertheless this Court denied the sufficiency of actual notice in unmistakable terms in *Housewright* \*\*\*. The court gave emphasis to its holding in *Housewright* \*\*\* in *Repaskey v. Chicago Transit Authority,* 60 Ill. 2d 185 (1975) \*\*\*. Moreover, even if actual notice or notice of the required information through the filing of a complaint were an acceptable substitute for the statutory notice, the complaint herein did not include items specified by the statute, including the address of the injured person and the hour of the occurrence."

The holding in *Erford* that notice "is a condition precedent to the right to bring such suit" was not only "diminished" by *Housewright* and *Helle,* it was impliedly overruled by those two cases (see also *Fanio v. John W. Breslin Co.,* 51 Ill. 2d 366), and explicitly overruled in *Saragusa.* It is true that *Housewright* and *Repaskey* hold that actual knowledge of the injury by the public entity does not satisfy the requirement of written notice, but this holding is not inconsistent with the holding in *Saragusa.* The notice statute, since its original enactment, has been designed to give the local public entity notice, not that an injury was suffered, but that a person "is about to commence [a] civil action for damages on account of such injury." (Ill. Rev. Stat. 1971, ch. 85, par. 8–102.) As we said in *Saragusa*:

> "In 1907, when *Erford* was decided, the requirement of a presuit notice served a legitimate need, for discovery before trial as we know it today did not exist, except for the device of the bill of particulars, and the right to obtain the latter was at best doubtful in actions for common law negligence (see *Whittington v. National Lead Co.* (1925), 236 Ill. App. 104, 107-108). Except to the extent that the complaint itself might disclose the operative facts underlying a claim,

the defendant would not learn them until the trial, and his ability to controvert the plaintiff's evidence was correspondingly impaired.

As we have already noted, the pretrial discovery techniques which were made available to a defendant with the passage of the Civil Practice Act in 1933 now afford a local governmental entity an adequate alternative method of obtaining notice of the basis of a plaintiff's claim." (63 Ill. 2d 288, 295.)

Thus although in *Housewright* and *Repaskey* the city and the transit authority had actual notice of the occurrence within six months, they had no notice that any civil action for damages was about to be commenced. Here, as in *Saragusa,* the filing of the complaint within six months gave the city notice of that fact and accomplished the statutory purpose to "furnish timely notice of injury so that there can be an investigation and a prompt settlement of meritorious claims." *King v. Johnson,* 47 Ill. 2d 247, 250-51.

The complaint here was filed less than one month after the alleged cause of action arose. It does not contain all the information required by section 8—102, but in *Saragusa* we stated, "Under our discovery procedures, a defendant may commence an inquiry into the relevant facts by serving interrogatories as soon as the defendant's appearance or answer is filed, \*\*\*. The information bearing on the defendant's liability which may be obtained in this manner will be more complete than what would be obtained under the limited and generalized specifications called for in the statutory notice. Since section 8—102 prescribes no minimum period by which the service of the notice must antedate the commencement of suit, the filing of a complaint within the six-month period affords as much time to investigate the claim as the defendant would have if the notice had been filed within that period." 63 Ill. 2d 288, 293-94.

For the reasons stated we hold that the filing of the complaint within the six-month period satisfied the notice requirement of section 8—102 of the Tort Immunity Act and the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, dissenting:

I dissent because in my opinion the holding of the majority disregards the plain meaning of section 8—102 and our prior decisions interpreting that provision. In effect, the majority opinion constitutes a partial repeal, by judicial fiat, of the statutory requirement of written notice embodied within section 8—102 and 8—103 (Ill. Rev. Stat. 1971, ch. 85, par. 8—102, 8—103).

One need not look back as far as *Erford v. City of Peoria* (1907), 229 Ill. 546, to discover decisions of this court which are at odds with that which the majority reaches today. In *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357, 361, we stated:

"Section 8—102 is unambiguous and clearly expresses the legislative intent that a local public entity be given certain information, in writing, within the time provided, and we hold that the allegation of actual notice does not satisfy the statutory requirement of written notice."

The holding in *Housewright* was reiterated with approval as recently as *Repaskey v. Chicago Transit Authority* (1975), 60 Ill. 2d 185. In *Repaskey,* the express requirement of section 8—102 was given effect despite the fact that the plaintiff had given a sworn statement to the defendant concerning the occurrence which gave rise to the cause of action. Here, as the majority concedes, plaintiff's complaint did not give defendant actual notice of all the information required by section 8—102.

Nor does our recent decision in *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, upon which the majority relies, support the conclusion that the notice requirement

of section 8—102 is satisfied by the filing of suit within six months of the accrual of the cause of action. In *Saragusa,* a written notice of claim was served within six months of the date of injury. The written notice was, however, technically defective. We found these defects to be cured by the filing of the plaintiff's complaint within the six-month period, stating, "Our holding is therefore that the service of the defective notice and the filing of the plaintiff's complaint within six months following her injury entitled her to maintain the action." 63 Ill. 2d at 295.

*Saragusa* is thus distinguishable from the present situation because there the plaintiff attempted to comply with section 8—102 and substantially all of the information required by the statute was included in the defective notice. In our case compliance with the statute was never even attempted.

In my opinion, the majority decision is grounded upon the belief that the notice requirements of section 8—102 have been rendered obsolete by modern discovery procedures. Whether or not this belief is in fact correct is unimportant as the determination of such issues is not the province of this court. The question of the necessity of the notice required by section 8—102 is entirely within the control of the legislature. (*Ouimette v. City of Chicago* (1909), 242 Ill. 501; *Housewright v. City of LaHarpe* (1972), 51 Ill. 2d 357.) The legislature has clearly provided in section 8—102 that notice must be given within six months of the accrual of the cause of action if a suit is to be maintained against a local public entity. The statute does not state that notice must be given within six months of the accrual of the cause of action unless a complaint is filed within the six-month period. It is a proper judicial function to construe the statute as not requiring compliance as a condition precedent to instituting suit, thereby permitting waiver of its requirements as we did in *Housewright* and *Helle v. Brush* (1973), 53 Ill. 2d 405, or

to say that substantial compliance plus the filing of a complaint satisfied the statute, as we did in *Saragusa*. It is not a proper judicial function to rewrite the statute and say, quite contrary to its express language, that it need not be complied with in certain cases. I would give effect to the clear language of the statute and not impose a judicial engraftment on an unambiguous legislative enactment.

. As that is the effect of the majority opinion, I cannot concur in the decision.