(No. 76-CC-0555)

BYRON NEAL ELLISTON, Claimant, v. STATE OF ILLINOIS, Respondent.

*Order filed June 12, 1978.*

POLOS, C.J.

This cause is before the Court on Claimant's motion to vacate an order of December 19, 1977, dismissing this cause, for failure of Claimant to comply with Section 22-1 of the "Court of Claims Act," Ill. Rev. Stat. Ch. 37, §439.22-1.

The Court has carefully considered the memorandum of the Claimant in support of his motion, and the authorities cited therein. In particular, the Court has considered Claimant's contention that *Housewright v. City of LaHarpe, 282 N.E.2d 437,* is authority for the proposition that since Claimant has alleged that the State was protected by liability insurance in this matter, it has waived the notice requirements contained in Section 22-1 of the "Court of Claims Act."

The Court finds that *Housewright v. City of La-Harpe* is inapplicable to the instant action. That case involved construction of the "Local Governmental and Governmental Employees Tort Immunity Act," Ill. Rev. Stat. Ch. 85, paras. 8-102 *et seq.,* while the instant case in governed by the "Court of Claims Act," Ill. Rev. Stat. Ch. 37, para. 439.22-1 *et seq.* In the case of a municipality such as the City of LaHarpe, there is no common law immunity from suits. The legislature granted limited immunity to municipalities in the form of the "Local Governmental and Governmental Employees Tort Immunity Act," and contained in that law was a provision which the Supreme Court construed in *Housewright* to be a waiver of certain of the

immunities set forth in that Act in the event the local entity obtained liability insurance.

Here the State of Illinois, as a sovereign entity, is immune from suits by its citizens. The State has partially waived its immunity to the extent set forth in the "Court of Claims Act." However compliance with the "Court of Claims Act" is required if the State of Illinois is to be sued. There is no provision in the "Court of Claims Act" analagous to that section of the "Local Governmental and Governmental Employees Tort Immunity Act" which was construed in *Housewright,* to waive certain immunities if insurance was obtained. Accordingly, the Court finds no basis on which to conclude that the State waived any of the conditions contained in the "Court of Claims Act," even, if, as alleged by Claimant, it did procure insurance which would cover its liability in the instant action.

For the foregoing reasons, Claimant's motion to vacate this Court's order of December 19, 1977, dismissing this cause is hereby denied.