ERNEST LANE, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHOR-
ITY, Defendant-Appellee.

First District (3rd Division)   No. 85—2433

Opinion filed September 17, 1986.

Moira S. Johnson, of Benjamin & Shapiro, Ltd., of Chicago, for appel-
lant.

Mitchell Ware, Frank M. Grenard, and Alfred M. Swanson, Jr., all of
Jones, Ware & Grenard, of Chicago, for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff, Ernest Lane, appeals from an order of the trial court
dismissing his complaint against defendant, Chicago Housing Author-
ity (CHA), for personal injuries he allegedly sustained while on CHA
property. The court dismissed the complaint because plaintiff failed
to serve notice of his injury in compliance with the Local Govern-
mental and Governmental Employees Tort Immunity Act (Tort Im-
munity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*).

Plaintiff claims that, on April 11, 1984, he was injured when he
fell on property owned and negligently maintained by the CHA. On
April 8, 1985, plaintiff filed his complaint in the circuit court of
Cook County. The sheriff's return of service reveals that the sum-

mons and complaint were served on defendant on April 12, 1985. The CHA moved to dismiss the complaint alleging, *inter alia,* that it did not satisfy the notice requirement of the Tort Immunity Act because it was served more than one year after the date of the alleged injury. The trial court granted defendant's motion to dismiss, and plaintiff appeals.

■ The Illinois Supreme Court has indicated that "the primary purpose of the Tort Immunity Act 'is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed.'" (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 364, 472 N.E.2d 421, citing *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176.) In this way, prompt settlement of meritorious claims can occur, and public entities will have the opportunity to take potential liabilities into account in planning their budgets. (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421.) In order to effectuate its purpose, section 8—102 of the Tort Immunity Act provides:

"Within 1 year from the date that the injury or cause of action, referred to in Sections 8—101, 8—102 and 8—103, was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must serve, either by personal service or by registered or certified mail, return receipt requested, a written notice on the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement signed by himself, his agent or attorney, giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." (Ill. Rev. Stat. 1983, ch. 85, par. 8—102.)

Section 8—103 of the Act further provides:

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity, or against any of its employees whose act or

omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat. 1983, ch. 85, par. 8—103.

Plaintiff contends that, notwithstanding his failure to serve written notice of his claim upon the secretary or clerk of the defendant, his filing of a complaint satisfied the notice requirements even though the complaint was not served upon defendant within the statutory period of section 8—102 of the Tort Immunity Act. This issue is one of first impression in Illinois. In support of his position, plaintiff relies on several Illinois Supreme Court cases and a recent appellate court decision.

In *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89, the plaintiff did not serve notice upon the defendant according to the specific requirements of section 8—102 of the Tort Immunity Act. Rather, plaintiff filed a complaint and defendant was served approximately one month after the alleged cause of action arose. At that time, the statute provided that the notice was to be given within six months rather than the currently applicable one-year period. Defendant filed an answer to the complaint 2½ months after service of summons and filed a motion to dismiss three months later, claiming that the complaint did not provide all the necessary information under section 8—102 and, therefore, the required statutory notice had not been given. The supreme court disagreed. The court recognized that under modern discovery procedures, a defendant could commence an inquiry by serving interrogatories once it filed an appearance or answer. Further, the information obtained during discovery would be more complete than what would be obtained according to the specifications called for in the statutory notice. (64 Ill. 2d 230, 236, 356 N.E.2d 89, citing *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293-94, 348 N.E.2d 176.) The court thus held that the filing of the complaint within the six-month period satisfied the notice requirement of the Tort Immunity Act. *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 237, 356 N.E.2d 89.

Plaintiff also cites *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848, in further support of his position that the filing of a complaint is the equivalent of statutory notice to the defendant. In *Zavala,* the plaintiff served notice upon the defendant within the six-month statutory notice period but failed to include required information regarding the treating hospitals. The plaintiff later filed a complaint after the applicable six-month statutory notice

limit expired but within the one-year statute of limitations. The court noted that this was not a case such as *Saragusa* or *Dunbar* where discovery was available within the six-month statutory notice period because the complaints were filed within that period. (*Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 578, 363 N.E.2d 848.) It emphasized that even minimal information which was omitted can be of great importance to a defendant in assessing its potential extent of liability. (66 Ill. 2d 573, 578, 363 N.E.2d 848.) The court accordingly held that plaintiff did not comply with the notice requirement of section 8—102 of the Tort Immunity Act, and it, therefore, dismissed the complaint. However, of import to the case before us is the court's *dicta* that plaintiff apparently could have cured the defect in his notice of the claim had he filed a complaint which included the information within the statutory notice period. 66 Ill. 2d 573, 578-79, 363 N.E.2d 848.

In *Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421, the supreme court concluded that the plaintiff gave timely notice to the defendant by filing a complaint within the notice period of section 8—102 of the Tort Immunity Act. Plaintiff had filed his original complaint within three months after the discovery of his cause of action, and "[t]he defendants were all served with summons shortly thereafter." (104 Ill. 2d 354, 365, 472 N.E.2d 421.) Relying on *Dunbar,* the court found that the complaint complied with section 8—102 because it contained substantially all the required information and defendant still could have obtained any additional necessary information during the statutory notice period. 104 Ill. 2d 354, 366-67, 472 N.E.2d 421.

Finally, plaintiff relies on *Oliver v. City of Chicago* (1985), 137 Ill. App. 3d 958, 485 N.E.2d 428, in support of his position. The *Oliver* plaintiffs filed a notice of claim of injury with the city clerk within six months after the incident and within the applicable one-year statutory notice period. The claim, however, did not include the date on which the accident occurred. Precisely one year after the accident, plaintiff filed a complaint which contained the missing element. (137 Ill. App. 3d 958, 959, 485 N.E.2d 428.) Under these circumstances, the court held that the filing of the complaint within the statutory one-year notice period cured the prior defective notice.

■ We believe that the cases on which the plaintiff relies are distinguishable from the instant case. In each of the cases discussed, the defendant had some type of actual notice within the statutory period regarding an alleged injury. The plaintiffs either had served a notice of claim for the injury or had filed a complaint which was

served within the statutory notice limit. Although plaintiff argues that the filing of a complaint satisfies the statutory notice requirement, courts have so held only where a defendant was served with defective notice during the required time, and the defect was cured by the filing of a complaint with the missing information within the statutory period (*Oliver v. City of Chicago* (1985), 137 Ill. App. 3d 958, 485 N.E.2d 428). Additionally, where the court has found that the mere filing of a complaint is satisfactory, it has done so where the time for discovery was sufficient for defendant to obtain the necessary information within the statutory notice period (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421; *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 348 N.E.2d 176). In contrast, in the case before us, plaintiff gave defendant no notice of the alleged injury during the one-year statutory period. Plaintiff did not serve a notice of claim for his injury under section 8—102 as required. Further, we cannot say that the filing of a complaint in and of itself provides notice to a defendant who has not yet been served. Therefore, when the defendant has received no notice during the one-year statutory notice limitation period, we hold that the mere filing of a complaint which is not served upon a defendant within that period does not satisfy the notice requirement of section 8—102 of the Tort Immunity Act. To hold otherwise would defeat the purpose of the Act and would diminish, if not destroy, the clear intent of the legislature.

For all the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and WHITE, J., concur.