RUBY WILLIAMS, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division)   No. 1—89—3200

Opinion filed November 29, 1990.

Benjamin & Shapiro, Ltd., of Chicago (Gary B. Katz and Fred I. Benjamin, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch, Lynn Kristine Mitchell, and Stephen Davis, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Ruby Williams, appeals from an order in which the trial court held that her personal injury claim against the City of Chicago was time barred. In granting Chicago's motion for summary judgment, the trial court held that because Williams failed to provide the city with the required notice of her claim within one year, as required by the pertinent sections of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1983, ch. 85, pars. 8—101 through 8—103), Williams could not maintain her lawsuit.

Although Williams admits that she failed to strictly comply with the notice requirements of the Act, she contends that Chicago waived its right to seek dismissal of her suit when it admitted in its answer that the filing of the complaint satisfied the notice requirement of section 8—102. She also maintains that the trial court abused its discretion in allowing the city to amend its answer years after the suit was filed. Finally, she argues that, in any event, certain decisions of this

court support her position that the notice requirement could be fulfilled by her filing the lawsuit.

For the reasons that follow, we affirm.

BACKGROUND

On September 12, 1984, Williams fell on a sidewalk in Chicago and injured herself. On September 11, 1985, she filed her complaint against the city and several other defendants who may have contributed to the allegedly defective condition of the sidewalk. The city was served with summons on September 26, 1985, and therefore did not have knowledge of Williams' claim within one year of her injury.

On November 7, 1985, the city filed an answer, a notice to produce, and a notice to take plaintiff's deposition. Williams filed answers to the discovery request on March 19, 1986.

In December 1988, Chicago moved for summary judgment. The court entered an order denying the motion, without prejudice, in May 1989. Thereafter the city moved for leave to file an amended answer (to retract its admission of the notice element) and filed an amended motion for summary judgment. The court granted both motions, holding that Williams had not satisfied the notice requirements of section 8—102 (Ill. Rev. Stat. 1983, ch. 85, par. 8—102).

Section 8—102 states in relevant part:

"Within 1 year from the date that the injury or cause of action *** accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity *** must serve *** a written notice on the Secretary or Clerk *** for the entity *** signed by himself, or his agent *** [and] giving in substance the following information: the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and addresses of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any." Ill. Rev. Stat. 1983, ch. 85, par. 8—102.

Section 8—103 of the Act states:

"If the notice under Section 8—102 is not served as provided therein, any such civil action commenced against a local public entity *** shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing." Ill. Rev. Stat. 1983, ch. 85, par. 8—103.

OPINION

Williams first argues that the city waived its right to a dismissal of her suit based on the notice defense because of its original answer admitting notice and its subsequent participation in discovery. She cites no supporting authority for this position. Instead she attempts to distinguish the pending case from that of *Shortt v. City of Chicago* (1987), 160 Ill. App. 3d 933, 514 N.E.2d 3, *appeal denied* (1988), 117 Ill. 2d 553, 516 N.E.2d 271. In *Shortt* the plaintiff sent notice to the corporation counsel's office, rather than to the city clerk. Five years after suit was filed the city moved to dismiss on the grounds that statutory notice never was served because it went to the wrong entity. The appellate court affirmed the dismissal, rejecting the plaintiff's argument that the city should be estopped because of its participation in discovery and its long delay in moving to dismiss. The court noted that none of the city's actions in responding to the complaint or discovery matters misled the plaintiff in the sense of causing him to refrain from filing suit timely. Therefore, the plaintiff's filing of the lawsuit was in no way influenced by the city's representations or conduct. The court also held that the mere filing of a general appearance and answer did not constitute a waiver of notice under section 8—102.

██ In the pending case, Williams filed her complaint at the very end of the one-year period; no acts or misrepresentations of the city led her to refrain from earlier filing the written notice of claim or the lawsuit itself. While the city's original answer admitted the statutory notice requirement, the nature of this admission is not one of fact, but of legal conclusion. (See, *e.g., Borushek v. Kincaid* (1979), 78 Ill. App. 3d 295, 397 N.E.2d 172 (conclusions of law or fact are to be disregarded in construing a pleading).) Because the facts themselves are undisputed as to the timing of Williams' filing and the city's receipt of the lawsuit, we are not faced with a situation in which a party commits to a factual position and then attempts to retract that position in a later pleading.

The trial court allowed the city to amend its pleading and to incorporate the defense of improper notice of claim based on the lack of statutory notice. We do not find that the court abused its discretion in allowing the amendment. (See *Whildin v. Kovacs* (1980), 82 Ill. App. 3d 1015, 1017, 403 N.E.2d 694 (absent a manifest abuse of discretion, trial court's decision to allow an amendment to pleadings will not be reversed).) The narrow situation in which estoppel may be found requires conduct or misrepresentations on the part of the government or public entity. For example, if a representative of the city had repeatedly assured the plaintiff that she need not comply with all of the

statutory requirements and that her claim was being processed, the result would differ. (See *Searcy v. Chicago Transit Authority* (1986), 146 Ill. App. 3d 779, 497 N.E.2d 410.) Plaintiffs are not lightly excused from strict compliance with the requisite statutory notice, however. (See *Murphy v. Chicago Transit Authority* (1989), 191 Ill. App. 3d 918, 548 N.E.2d 403 (attorney's allegations that agent of CTA misled him on where to send notice did not establish an estoppel).) We do not believe that the city's admission of a legal conclusion in its original answer compares with the type of active, misleading conduct that a plaintiff may reasonably rely on to excuse her failure to perfect the statutory notice requirements of her claim.

■ Nor does the waiver doctrine aid Williams; if the trial court believed that Chicago's original answer and participation in discovery constituted waiver it would not have allowed the city to replead. Since we have found no abuse of discretion in the trial court's decision to allow Chicago to withdraw its admission of the legal conclusion of notice, we necessarily agree that the city did not intentionally relinquish its right to assert the lack of notice merely by filing the original answer.

■ The remaining issue for our resolution concerns the proper interpretation to be given a line of cases in which the statutory notice requirement was satisfied by the filing of the lawsuit within the limitation period. There is ample authority for the proposition that as long as the information that it to be furnished the defendant by statutory notice of claim is contained in the plaintiff's complaint, and that complaint is filed within the time period required for giving notice, there is no sound reason to dismiss the action. The reason is simple: the very notice the public entity is entitled to receive within the statutory period is satisfied by the complaint and any technical defects in serving notice are cured. See, *e.g., Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 363 N.E.2d 848; *Dunbar v. Reiser* (1976), 64 Ill. 2d 230, 356 N.E.2d 89; *Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421.

While both sides agree that filing a complaint in lieu of serving notice under section 8—102 may suffice in some situations, the problem posed here is whether the mere filing of the complaint on the last day of the one-year notice period is sufficient when it is undisputed that the city did not receive the complaint until after the expiration of that period. Williams says yes, relying on this language from the *Dunbar* opinion:

"For the reasons stated we hold that the filing of the complaint within the [applicable] period satisfied the notice require-

ment of section 8—102 of the Tort Immunity Act and the judgment of the appellate court is affirmed." 64 Ill. 2d at 237, 356 N.E.2d at 92.

Williams emphasizes one word in that sentence, "filing." She would have us hold that as long as the complaint was filed, even on the last day of the applicable period, she necessarily comes within the *Dunbar* exception to the notice requirement of section 8—102. Williams concedes that an appellate court decision has since held that a complaint filed before the expiration of the statutory notice period alleviates the necessity of notice *only* if the complaint was *served* on the defendant within the statutory period or the defendant otherwise received actual notice of the claim within the statutory period. (*Lane v. Chicago Housing Authority* (1986), 147 Ill. App. 3d 876, 498 N.E.2d 604, *appeal denied* (1987), 113 Ill. 2d 576, 505 N.E.2d 354.) She also concedes that the *Lane* decision "attempts" to reconcile itself with the *Dunbar* line of cases, in that each case in which the filing of the complaint served to satisfy the notice requirement, the complaint was actually received by the defendant or the defendant had some actual notice of the claim within the statutory period. Williams nevertheless argues that it is unfair for us to apply *Lane* "retroactively" to suits pending before its publication, including hers.

We do not agree that *Lane* effected a change of existing law so as to require us to consider whether we can apply it retroactively. While the precise issue before the court was one of first impression, the court's reasoning and result grew logically out of existing case law and statutory construction principles. In *Lane*, the plaintiff filed suit three days before the expiration of the statutory period and the city was served one day after its expiration. In dismissing the case, the court held that the mere filing of a complaint that it is not served within the statutory time period does not satisfy the notice requirements of section 8—102 of the Tort Immunity Act. "To hold otherwise would defeat the purpose of the Act and would diminish, if not destroy, the clear intent of the legislation." 147 Ill. App. 3d at 880, 498 N.E.2d at 607.

Unlike Williams, we find no conflict between the appellate decision in *Lane* and the supreme court's opinion in *Dunbar*. *Dunbar* expressly noted that the plaintiff in that case had filed the complaint early enough to allow the defendant to take discovery within the limitation period and thereby obtain the information required by statute but omitted from the complaint. Hence, the statutory purpose of timely notice, to allow prompt investigation of claims, was fulfilled.

In *Zavala*, decided by the supreme court one year after *Dunbar*,

the plaintiff had given notice to defendant within the statutory period but had omitted the names of the hospitals where she was treated, information required by section 8—102. There, as in the pending case, the defendant did not receive that information until after the statutory period had expired. Accordingly, the plaintiff's cause of action was held to be properly dismissed because the notice was defective. See also *Oliver v. City of Chicago* (1985), 137 Ill. App. 3d 958, 485 N.E.2d 428 (filing of complaint the last day of the statutory notice period cured defect in earlier, timely filed notice, which had omitted the date of the injury or cause of action); *Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 472 N.E.2d 421 (complaint was filed within three months of cause of action and defendants were served shortly thereafter).

■ We find the reasoning of *Lane* persuasive because it reviewed and reconciled the pertinent case law before determining that the key to satisfying the notice requirement of section 8—102 by the filing of a lawsuit is this: As long as the filing of the complaint within the statutory period cures an earlier, defective or incomplete notice of claim, notice is adequate under the statute because the defendant is thereby given the opportunity to investigate within the time intended by the legislature. If, on the other hand, no notice of claim whatsoever is filed within the statutory period, even a complaint which furnishes the necessary information is not considered timely notice unless it is served upon the defendant before the expiration of the time period. Under that view, we cannot say that the City of Chicago had any such notice within the one-year time frame. Accord *Kirby v. Town of Somer* (1987), 162 Ill. App. 3d 463, 515 N.E.2d 342, *appeal denied* (1987), 118 Ill. 2d 545, 520 N.E.2d 386.

The time requirements set out in the Tort Immunity Act serve a purpose that has been discussed at length in the cases. Even if the *Lane* case had not been decided, we would follow a similar analysis and reach a similar result. Therefore, there is no unfairness to Williams in our citing to *Lane* or finding its rationale persuasive. Strict adherence to time limitations are necessary to effect the legislative intent, however harsh a result may appear to the plaintiff who has missed the limitation by only a few days. We conclude that because Chicago was not put on notice of Williams' claim within one year, her cause of action is barred by section 8—103 of the Act.

Affirmed.

McMORROW, P.J., and JOHNSON, J., concur.