SECOND DIVISION

August 3, 1999

No. 1-98-3298

VICKI JOSEPH, )

)

Plaintiff-Appellant, )

)

v. ) Appeal from the Circuit

) Court of Cook County.

CHICAGO TRANSIT AUTHORITY, a )

Quasi Municipal Corporation, )

) No. 98 L 4688

Defendant-Appellee, )

)

and ) Honorable Philip

) Bronstein, Judge 

CITY OF CHICAGO, a Municipal ) Presiding.

Corporation, )

)

Defendant. )

PRESIDING JUSTICE GORDON delivered the opinion of the court:

Plaintiff, Vicki Joseph, filed a one-count complaint on April 23, 1998 against defendants Chicago Transit Authority (CTA) and the City of Chicago seeking to recover for injuries she sustained on October 27, 1997 when she fell while boarding at a CTA bus stop alleged to be in an unsafe condition.  The CTA moved to dismiss the complaint pursuant to sections 2-615 and 2-619(9) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(9) (West 1996)) arguing that the plaintiff failed to plead and could not prove compliance with the six-month notice requirements of section 41 of the Metropolitan Transit Authority Act (the Transit Act) (70 ILCS 3605/41 (West 1996)).  The trial court granted the CTA's motion to dismiss and provided language in its order allowing appeal pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

The sole issue raised in this appeal is whether the plaintiff's complaint, which was filed during the six-month notice period but served after the expiration of that period, satisfies the notice requirement of section 41 of the Metropolitan Transit Authority Act.  For the reasons discussed below, we affirm the dismissal of plaintiff's complaint against the CTA.

BACKGROUND FACTS

Section 41 of the Metropolitan Transit Authority Act provides in pertinent part as follows:

"No civil action shall be commenced in any court against the Authority [the CTA] by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board [the Chicago Transit Board] and also in the office of the General Counsel for the Authority *** a statement, in writing, *** giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any.  If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."  70 ILCS 3605/41 (West 1996).
(footnote: 1)
Plaintiff's alleged injury occurred on October 27, 1997.  It is conceded that no notice of that injury was provided to the CTA other than plaintiff's complaint which was filed on April 23, 1998 and served upon the CTA on April 30, 1998.  That complaint alleged that the plaintiff was injured when she stepped down into a depression or hole at an area "adjacent to the west curb south of the appropriate loading zone" (bus stop) near 3472 North Lake Shore Drive.  It alleged that the CTA was negligent by allowing its loading zone and/or bus stop to be adjacent to the condition of the depression or hole, which it knew or should have known was present; by enticing plaintiff to board its motor bus in a location other than an authorized loading zone or bus stop; and by being otherwise negligent in the operation and control of its motor bus.

As discussed, the trial court dismissed plaintiff's complaint finding that section 41 notice had not been provided to the CTA within the six-month statutory time period.  The court found that the CTA did not have notice of the injury, even though plaintiff's complaint had been filed within that time period, because the CTA was not served with the complaint until after the time period had expired.

DISCUSSION

A motion to dismiss a complaint pursuant to section 2-615 of the Code of Civil Procedure admits all well-pleaded facts and attacks the legal sufficiency of the complaint, whereas a section 2-619 motion admits the legal sufficiency of plaintiff's complaint and raises defects, defenses or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim.  
E.g.
, 
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 639 N.E.2d 1282 (1994); 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 619 N.E.2d 732 (1993); 
Moran v. City of Chicago
, 286 Ill. App. 3d 746, 676 N.E.2d 1316 (1997); 
Reuben H. Donnelley Corp. v. Brauer
, 275 Ill. App. 3d 300, 655 N.E.2d 1162 (1995).  Both motions raise questions of law which are reviewed 
de
 
novo
.  
Hodge
, 156 Ill. 2d 112, 619 N.E.2d 732; 
Doe v. TCF Bank Illinois, FSB
, 
302 Ill. App. 3d 839
, 707 N.E.2d 220 (1999); 
Village of Evergreen Park v. Commonwealth Edison Co.
, 296 Ill. App. 3d 810, 695 N.E.2d 1339 (1998).

The requirement under the Transit Act to file notice within six months of an accident "in the office of the secretary of the Board and also in the office of the General Attorney for the Authority" (70 ILCS 3605/41 (West 1996)) is mandatory (
Streeter v. Chicago Transit Authority
, 272 Ill. App. 3d 921, 651 N.E.2d 579 (1995)); and the plaintiff has the burden of strictly complying with that requirement.  
Niziolek v. Chicago Transit Authority
, 251 Ill. App. 3d 537, 620 N.E.2d 1097 (1993); 
Sanders v. Chicago Transit Authority
, 220 Ill. App. 3d 505, 581 N.E.2d 211 (1991).  In accordance with the mandatory nature of that requirement, courts have dismissed lawsuits filed against the CTA when the plaintiff sent a timely letter to a transit authority claims manager or representative, rather than to the secretary of the Chicago Transit Board (the Board) and the general counsel of the CTA (
Murphy v. Chicago Transit Authority
, 191 Ill. App. 3d 918, 921, 548 N.E.2d 403, 405 (1989); 
Niziolek
, 251 Ill. App. 3d at 542, 620 Ill. App. 3d at 1100); when the plaintiff sent notice of intent to sue to the CTA's general counsel but not to the secretary of the Board (
Sanders
, 220 Ill. App. 3d at 507, 581 N.E.2d at 212); and when the plaintiff timely communicated with CTA personnel and completed a claim form (
Streeter
, 272 Ill. App. 3d at 923, 651 N.E.2d at 580-81).

Several cases involving section 41 of the Transit Act have held, albeit by way of dictum, that the failure to give timely notice to commence a lawsuit to the CTA can be cured by filing a complaint within the six-month period.  See 
Streeter
, 272 Ill. App. 3d at 923, 651 N.E.2d at 580; 
Murphy
, 191 Ill. App. 3d at 921, 548 N.E.2d at 405.  These cases relied on the Illinois Supreme Court decision in 
Saragusa v. City of Chicago
, 63 Ill. 2d 288, 348 N.E.2d 176 (1976) which was decided under section 8-102 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1971,ch. 85, par. 8-102).

The plaintiff relies on dicta in 
Streeter
 and 
Murphy
 to support her contention that dismissal of her complaint was erroneous because, even though she did not give notice of intent to commence her civil action within six months of sustaining injury, she did file her complaint within that six-month period.  The CTA takes the position that, even though the plaintiff filed her lawsuit within the six-month period, she did not cure her failure to give proper notice because the complaint was not served on the CTA until after the six-month period expired.
(footnote: 2)
There are no cases directly addressing the extent to which the filing of a complaint can substitute or cure the lack of adequate statutory notice under section 41 of the Transit Act.  There are, however, a number of cases that address that issue with respect to similar but now repealed language in section 8-

102 of the Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 8-102).
(footnote: 3)  See, 
e.g.
, 
Rio v. Edward Hospital
, 104 Ill. 2d 354, 472 N.E.2d 421 (1984); 
Dunbar v. Reiser
, 64 Ill. 2d 230, 356 N.E.2d 89 (1976); 
Saragusa
, 63 Ill. 2d at 294, 348 N.E.2d at 180; 
Williams v. City of Chicago
, 206 Ill. App. 3d 762, 768, 565 N.E.2d 80, 84 (1990); 
Lane v. Chicago Housing Authority
, 147 Ill. App. 3d 876, 880, 498 N.E.2d 604, 606 (1986); 
Oliver v. City of Chicago
, 137 Ill. App. 3d 958, 960, 485 N.E.2d 428, 430 (1985).  Section 8-102 of the Tort Immunity Act required a person about to bring suit against a local public entity to give written notice within one year from the date the injury was received or the cause of action accrued.  Earlier language in that provision, like the language in section 41 of the Transit Act, required that written notice be given within six months from the date injury was received or the cause of action accrued.  See 
Ill. Rev. Stat. 1971, ch. 85, par. 8-102.

Applying the tort immunity provision then applicable, which contained a notice provision nearly identical to section 41 of the Transit Act (compare Ill. Rev. Stat. 1971, ch. 85, par. 8-102 with 70 ILCS 3605/41 (West 1996)), our supreme court held in 
Saragusa
, 63 Ill. 2d at 294, 348 N.E.2d at 180, that the filing of a complaint within six months following plaintiff's injury cured the defect in her prior written notice.  That defect consisted of a failure to give the name and address of the treating physician.  In reaching its conclusion, the court noted that the purpose of the notice and limitations provisions of the Tort Immunity Act was "to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed."  
Saragusa
, 63 Ill. 2d at 293, 348 N.E.2d at 179-80.  The court found this purpose was furthered by the filing of the complaint within the six-month notice time period because information bearing on the defendant's liability could be obtained by defendant's commencement of discovery which, in the court's opinion, would allow the defendant to obtain information "more complete than what would be obtained under the limited and generalized specifications called for in the statutory notice."  
Saragusa
, 63 Ill. 2d at 293-94, 348 N.E.2d at 180.  
Cf
. 
Zavala v. City of Chicago
, 66 Ill. 2d 573, 363 N.E.2d 848 (1977) (dictum that plaintiff could have cured the insufficiency in the statutory notice by filing a complaint within the statutory notice period).

In 
Oliver
, 137 Ill. App. 3d 958, 485 N.E.2d 428, a case decided subsequent to 
Saragusa
, the court held that incomplete notice given during the statutory time period could be cured by the filing of a complaint on the last day before expiration of that time period.  According to the court, the complaint in that case cured the notice defect because it provided information that was necessary but missing from the notice previously sent to the defendant.  
Oliver
, 137 Ill. App. 3d at 960, 485 N.E.2d at 430.  

The filing of a complaint within the statutory time period for notice also can cure plaintiff's failure to provide any prior notice to the defendant because it provides notice of the injury or cause of action within the statutory time period and allows the defendant time to obtain more complete information.  
Rio
, 104 Ill. 2d 354, 472 N.E.2d 421 (the filing of a complaint containing substantially all information required by section 8-102 of the Tort Immunity Act within six months of injury satisfies the notice requirement of that Act; applying Ill. Rev. Stat. 1971, ch. 85, par. 8-102); 
Dunbar
, 64 Ill. 2d 230, 356 N.E.2d 89 (the filing of a complaint which does not contain substantially all information required by section 8-102 of the Tort Immunity Act within the statutory notice period still satisfies the notice requirement because the defendant is afforded as much time to investigate the claim as would have existed if notice had been filed within that period).

 However, the filing of a complaint can cure the failure to serve any notice only if the complaint is served upon the defendant before expiration of the statutory notice period.  
Williams
, 206 Ill. App. 3d at 768, 565 N.E.2d at 84; 
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 606.  
Cf
. 
Rio
, 104 Ill. 2d at 367-68, 472 N.E.2d at 426 (where Supreme Court noted that service occurred well within four months of injury); 
Dunbar
, 64 Ill. 2d at 232, 356 N.E.2d at 89 (where Supreme Court alleged in its facts that complaint was filed and served less than one month after injury occurred)
.  The first case to address date of service of the complaint was 
Lane
, 147 Ill. App. 3d 876, 498 N.E.2d 604, which involved the now repealed one-year notice period of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8-102).  In 
Lane
, the plaintiff was allegedly injured on April 11, 1984.  He filed his complaint on April 8, 1985; but the sheriff's return of service showed that the summons and complaint were not served on the housing authority until April 12, 1985.  

Affirming the trial court's dismissal, the appellate court found that the housing authority had no notice of the plaintiff's injury within the notice period because the housing authority was not served with the summons and complaint until after the time period had expired.  The court reasoned that the filing of the complaint, even one that provides insufficient information, cures a plaintiff's failure to provide any notice to the defendant because it allows the defendant the opportunity to engage in pre-

trial discovery to obtain any necessary information in the same time period that would have been available had the statutory notice been served.  
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 606.  It was on this basis that 
Lane
 distinguished 
Rio
 and 
Dunbar
, 
wherein the complaints had been filed and served before expiration of the statutory notice period so as to afford the defendants the same investigatory time period as would have been available had notice been served.  
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 606; see 
Rio
, 104 Ill. 2d at 367-68, 472 N.E.2d at 426; 
Dunbar
, 64 Ill. 2d at 230, 356 N.E.2d at 91-92.  The 
Lane
 court also distinguished 
Oliver
, wherein the complaint which cured the notice defect was filed on the last day of the one-year notice period, finding that the defendant there had received prior actual, but incomplete, written notice of the claim before the statutory time period expired which became complete when the complaint was filed.  
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 606.

The more recent case of 
Williams
, 206 Ill. App. 3d 762, 565 N.E.2d 80, is in accord with 
Lane
.  In 
Williams
, as in 
Lane
, the plaintiff gave no notice to the defendant and filed her complaint one day before the notice period in section 8-102 of the Tort Immunity Act was to expire.  Service of the complaint, which contained all necessary information, occurred after the notice period expired.  Finding 
Lane
 persuasive, the court stated:

"the key to satisfying the notice requirement of section 8-102 by the filing of a lawsuit is this:  As long as the filing of the complaint within the statutory period cures an earlier, defective or incomplete notice of claim, notice is adequate under the statute because the defendant is thereby given the opportunity to investigate within the time intended by the legislature.  If, on the other hand, no notice of claim whatsoever is filed within the statutory period, even a complaint which furnishes the necessary information is not considered timely notice unless it is served upon the defendant before expiration of the time period."  
Williams
, 206 Ill. App. 3d at 768, 565 N.E.2d at 84.

The plaintiff in the instant case argues that 
Lane
 and 
Williams
 should not control the outcome here because 
they applied the Tort Immunity Act rather than the Transit Act; because they
 applied notice provisions in the Tort Immunity Act which have since been repealed; and because in those cases the limitations periods as well as the notice periods had expired before the complaints were filed.  We disagree.

First we note that cases interpreting the notice provisions of the Tort Immunity Act then in force have been analogized by courts applying the Transit Act.  In fact, dicta from 
Murphy
 and 
Niziolek
 upon which the plaintiff relies, that the filing of the complaint within the statutory notice period may cure a notice defect, finds its source in 
Saragusa
, a tort immunity case.  We also disagree with plaintiff's argument that 
Lane
 can have no persuasive effect because it applied a notice provision that is no longer in force.  Although the notice statute applied in 
Lane
 has since been repealed, the court's reasoning in its application of that statute can still be persuasive in the interpretation and application of a similar notice provision especially where both notice provisions are the product of similar legislative intent.  Here, as discussed, the rationale for the notice provision in the Tort Immunity Act was to encourage early investigation by the defendant while the matter was fresh, the witnesses were available and the conditions had not materially changed.  
E.g.
, 
Saragusa
, 63 Ill. 2d at 293, 348 N.E.2d at 179-80.  Likewise, the purpose of the notice provision of the Transit Act was to ensure prompt investigation.  See, 
e.g.
,
 
Fujimura v. Chicago Transit Authority
, 67 Ill. 2d 506, 511, 368 N.E.2d 105, 107 (1977), quoting 
Schuman v. Chicago Transit Authority
, 407 Ill. 313, 320-

21, 95 N.E.2d 447, 451 (1950).  Finally, plaintiff's third attempt to distinguish 
Lane
 is ill-founded.  Contrary to plaintiff's contention, service in 
Lane
 did not occur outside the limitations period.  Service occurred a year and a day after the alleged injury occurred, but the limitations period applicable to that cause of action was two years.  Ill. Rev. Stat. 1983, ch. 85, par. 8-101.

We can see no reason not to apply the holdings in 
Lane
 and 
Williams
 to the instant case.  The chronology of events in 
all three cases is nearly identical
.  In each case, the plaintiff made no attempt to comply with the notice requirements of the applicable statute; the plaintiff filed his or her complaint within the notice and limitations periods; the defendant was served within the limitations period but after the notice period had expired; and the defendant had no actual knowledge of the plaintiff's alleged injuries until after the notice period had expired.  The complete failure to give notice to the defendant within the required notice period has never been excused, either under the Transit Act or the Tort Immunity Act.  See 
Niziolek
, 251 Ill. App. 3d at 543-44, 620 N.E.2d at 1101 (finding no cases under the Tort Immunity Act or the Transit Act excusing a complete failure to give notice to the proper parties within the required time period).

There can be no doubt as to the legislative intent behind the notice requirement of the Transit Act or the need to give prompt notice of injury or cause of action to the CTA to allow for prompt investigation.  Indeed, that legislative desire may be even stronger with respect to the CTA than with respect to other public entities, as evidenced by the fact that the notice requirements of the Transit Act generally have been stricter.  For example, as discussed previously, between 1973 and 1986, the notice time period for the Transit Act was shorter than that set forth in the Tort Immunity Act; and, in 1986, the notice requirements of the Tort Immunity Act were eliminated while those in the Transit Act were retained.  We note that the more stringent time requirements under the Transit Act have withheld constitutional equal protection attack because of the magnitude of the CTA's operations.  In that regard the court in 
Fujimura
 stated:

"'We are aware, and take judicial notice, of the magnitude of the operations of defendant [CTA].  A transportation system of its size, operating, as it does, *** becomes involved in the largest volume of personal injuries litigation in the State.  ***  The Authority is a municipal corporation, not entitled to make a profit, *** and is surely entitled, as is a city, town or village, to an opportunity to protect itself by prompt investigation.  The requirement of six months' notice affords the Authority this opportunity ***.  ***  An adequate investigation of a "blind" accident [those not reported to the Authority by its employees], if the first notice of it came one year or two years later upon instituting an action, would, in most cases be impracticable, if not impossible.'"  
Fujimura
, 67 Ill. 2d at 510-11, 368 N.E.2d at 107, quoting 
Schuman
, 407 Ill. at 320-21, 95 N.E.2d at 451.

To hold that the notice requirement of the Transit Act is satisfied by the mere filing of a complaint when service of that complaint occurs after the statutory time period has expired would defeat the legislative intent to ensure the CTA's ability to make prompt investigation.  See 
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 607 (same conclusion regarding application of notice provision of Tort Immunity Act).  Such a holding would allow for actual notice of the injury or cause of action to occur well beyond the intended six-month notice period in instances where service is not timely.  While Illinois Supreme Court Rule 102 provides for "prompt" service, it also provides that the summons does not expire until 30 days from issuance.  134 Ill. 2d R. 102(a), (b).  Moreover, issuance of a new summons can occur after that time if the plaintiff can show the "exercise [of] reasonable diligence" to perfect service on a defendant.  177 Ill. 2d R. 103(b).  See, 
e.g.
, 
McCormack v. Leons
, 261 Ill. App. 3d 293, 296-97, 634 N.E.2d 1, 3-4 (1994) (reasonable diligence found with respect to service after 16 months); 
Clemons v. Atlas
, 185 Ill. App. 3d 894, 897, 542 N.E.2d 40, 42 (1989) (reasonable diligence found with respect to service after 14 months).  While the plaintiff may argue that delayed service on the CTA is unlikely because of the notoriety of that public entity and its office location, service could still be delayed for other reasons such as errors within the sheriff's office or errors in the information supplied by plaintiff's counsel.  See 
Clemons
, 185 Ill. App. 3d at 897, 542 N.E.2d at 41 ("[w]ith the great volume of work in the sheriff's office, it is understandable that an occasional service goes awry").  More overridingly, the provisions of Supreme Court Rule 103(b) cannot act as an appropriate substitute for the clear and strictly enforced time limitations provided by section 41 of the Transit Act.  Diligence under Rule 103(b) is measured in terms of reasonableness, approximations and time spans which may involve delay in terms of months, while the strictly enforced time limitations of section 41 of the Transit Act, as well as those previously enforced under section 8-102 of the Tort Immunity Act, invalidate notices that are delayed for even one day.  See 70 ILCS 3605/41 (West 1996); Ill. Rev. Stat. 1985, ch. 85, pars. 8-102, 8-103; 
Williams
, 206 Ill. App. 3d at 768, 565 N.E.2d at 84 (delay of service by 14 days); 
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 606 (delay of service by one day).  As a result, although a complaint may be filed within the statutory notice period, it may very well be that the CTA would not obtain actual notice of the injury or cause of action until well beyond the expiration of the statutory notice period.  We do not believe that the legislature intended such a result.  As stated in 
Williams
, 206 Ill. App. 3d at 768, 565 N.E.2d at 84, "[s]trict adherence to time limitations are necessary to effect the legislative intent, however harsh a result may appear to the plaintiff who has missed the limitation by only a few days."

Contrary to plaintiff's contention, 
Oliver
, 137 Ill. App. 3d 958, 485 N.E.2d 428, does not require a result different from that reached in 
Lane
 and 
Williams
.  As discussed previously, the plaintiff in 
Oliver
 sent notice to the defendant within six months of sustaining his alleged injuries but failed to include certain information in that notice, specifically, the date of the accident.  The plaintiff's complaint, filed one year from the date of the accident and on the last day before expiration of the statutory notice period (see Ill. Rev. Stat. 1983, ch. 85, par. 8-102), contained that date.  The court held that the filing of the complaint which contained the necessary information missing from the previously filed notice cured the defect.  
Oliver
, 137 Ill. App. 3d at 960, 485 N.E.2d at 430.

Here, as in 
Lane
 and 
Williams
 and unlike in 
Oliver
, no notice of any kind was provided before the six-month statutory time period for notice expired.  The complaint, although filed within that time period, did not supplement and complete statutorily-required information previously submitted.  Since the complaint was not served until after the expiration of the statutory notice period provided in section 41 of the Transit Act, it cannot cure the defect of the failure to provide actual notice of the alleged injury.  See 
Williams
, 206 Ill. App. 3d at 768, 565 N.E.2d at 84; 
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 607.
(footnote: 4)
The plaintiff next contends that strict compliance with the notice provision of the Transit Act is not required.  She urges this court to adopt the substantial compliance test applied to the notice requirements under the Tort Immunity Act and to find that the timely filing of the complaint alone would satisfy the notice time requirements of section 41 of the Transit Act.  We disagree.  As discussed, cases applying the Transit Act have generally held that compliance with section 41 of the Transit Act is mandatory and occurs only under a strict application of its requirements.  See, 
e.g.
, 
Niziolek
, 251 Ill. App. 3d at 542, 620 N.E.2d at 1100; 
Sanders
, 220 Ill. App. 3d at 507, 581 N.E.2d at 213.  Moreover, while cases applying the Tort Immunity Act have applied a substantial compliance test to that statute's notice provisions enacted in 1973 (see Ill. Rev. Stat. 1973, ch. 85, par. 8-102 (requiring notice "giving in substance" enumerated information)), they have done so only with respect to the informational requirements of those provisions.  See 
Bickel v. City of Chicago
, 25 Ill. App. 3d 684, 692, 323 N.E.2d 832, 837-38 (1975) ("the statute is to be liberally construed with respect to the sufficiency of the elements as set forth in the written notice").  See also 
Niziolek
, 251 Ill. App. 3d at 543-44, 620 N.E.2d at 1101, citing, 
e.g.
, 
Rio
, 104 Ill. 2d at 366-67, 472 N.E.2d at 426 (absence of plaintiff's address in notice is not fatal); 
Reese v. Village of Arlington Heights
, 204 Ill. App. 3d 129, 134, 561 N.E.2d 1156, 1160 (1990) (incorrect date on notice not fatal); 
Stewart v. County of Cook
, 192 Ill. App. 3d 848, 854, 549 N.E.2d 674, 678 (1989) (same).  However, as discussed above, no cases interpreting the Tort Immunity Act have held that a complete failure to give notice to the proper parties within the required time period is not fatal.  
Niziolek
, 251 Ill. App. 3d at 543-44, 620 N.E.2d at 1101.  See, 
e.g.
, 
Williams
, 296 Ill. App. 3d at 768, 565 N.E.2d at 84 (failure to give actual notice within time limits of Tort Immunity Act then in force was fatal); 
Shortt v. City of Chicago
, 160 Ill. App. 3d 933, 935, 514 N.E.2d 3, 4-5 (1987) (failure to send notice to city clerk as required by the Tort Immunity Act was fatal); 
Lane
, 147 Ill. App. 3d at 880, 498 N.E.2d at 607 (failure to give actual notice within time limits of Tort Immunity Act then in force was fatal).  Thus, the result in the instant case would be no different even if we were to analogize to Tort Immunity case law regarding substantial compliance.

For the foregoing reasons, the order of the Circuit Court of Cook County dismissing plaintiff's lawsuit against the Chicago Transit Authority is affirmed.

Affirmed.

McNULTY, J. concurs.

COUSINS, J., dissents.

JUSTICE COUSINS, dissenting:

The issue presented to us in this appeal is whether the filing of the complaint within the six-month period satisfied the notice requirement of section 41 of the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1996)).  The majority answers no.  I dissent.

In my view, the majority's holding in the instant case does not comply with the Illinois Supreme Court decisions in 
Saragusa v. City of Chicago
, 63 Ill. 2d 288, 348 N.E.2d 176 (1976), and 
Dunbar v. Reiser
, 64 Ill. 2d 230, 356 N.E.2d 89 (1976).  Although 
Saragusa
 and 
Dunbar
 were decided under section 8-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1971, ch. 85, par. 8-102), significantly, the trial court judge's dismissal of Joseph's complaint in the instant case against the Chicago Transit Authority (CTA) was predicated on the holding in 
Lane v. Chicago Housing Authority
, 147 Ill. App. 3d 876, 498 N.E.2d 604 (1986).  And 
Lane
 was decided under section 8-102 of the Tort Immunity Act.

An analysis of 
Saragusa
 indicates that the controlling factor in the case was the filing of the complaint within the six-month notice period.  In 
Saragusa
, the plaintiff's accident took place on April 20, 1970.  On June 23, 1970, the plaintiff's attorney served upon the city clerk of Chicago a written notice of claim.  Then, on September 21, 1970, five months after the injury, plaintiff filed her complaint.  The complaint was thus filed within six months of the injury.  
Saragusa
, 63 Ill. 2d at 290, 348 N.E.2d at 178.

T
he defendant in 
Saragusa
 filed its answer to the complaint on October 15, 1970, and on the same date propounded interrogatories to the plaintiff.  Plaintiff filed her answers to the interrogatories on December 22, 1970, and these answers to interrogatories included information about plaintiff's hospitalization and the names of physicians by whom plaintiff had been treated.  
Saragusa
, 63 Ill. 2d at 291.

Notably, in 
Saragusa
, our Illinois Supreme Court wrote:

"We are inclined to believe that if any effect is to be given the 1969 amendment to section 8-102, the plaintiff's notice cannot be deemed to comply with that section.  We hold, however, that the claimed deficiency in the notice did not warrant the dismissal of the plaintiff's complaint since the complaint itself was also filed within six months of the injury for which recovery was sought.

The notice requirement of section 8-102 is to be read together with the limitations provision of section 8-101, which, at the time of the plaintiff's accident, required that suit be filed within one year (Ill. Rev. Stat. 1971, ch. 85, par. 8-101), as opposed to the two-

year period of limitations which is generally applicable to actions for personal injuries (Ill. Rev. Stat. 1971, ch. 83, par. 15).

A common purpose of these two provisions, whose antecedents were first enacted in 1905 (Laws of 1905, at 111, secs. 1, 2), is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed. [Citations.]"  
Saragusa
, 63 Ill. 2d at 292-93, 348 N.E.2d at 179-80.

Saragusa
 is instructive.  In 
Saragusa
, the notice was inadequate.  However, the Illinois court held, "the notice did not warrant the dismissal of the plaintiff's complaint 
since the complaint itself was also filed within six months of the injury for which recovery was sought.
"  (Emphasis added.)  
Saragusa
, 63 Ill. 2d at 293, 348 N.E.2d at 179; see also 
Oliver v. City of Chicago
, 137 Ill. App. 3d 958, 960, 485 N.E.2d 428, 430 (1985).

In the instant case, the majority writes: "A notice deficiency premised on failure to serve any notice can be cured by the filing of a complaint, however, only when the complaint is served upon the defendant before expiration of the statutory notice period.  
Williams v. City of Chicago
, 206 Ill. App. 3d 762, 768, 565 N.E.2d 80, 84 (1990); 
Lane v. Chicago Housing Authority
, 147 Ill. App. 3d 876, 880, 498 N.E.2d 604, 606 (1986)."  Slip op. at 10.

In my view, however, the cited cases afford an insufficient predicate for the majority holding in the instant case.  Although the cited cases discuss the necessity to afford the public entity opportunity to obtain timely discovery, none of the cited cases uphold the dismissal of a complaint filed within a six-month notice period.

In 
Lane
, the case relied upon by both the trial court and the majority in the instant appeal, the plaintiff, Lane, claimed that he was injured on April 11, 1984, and filed his complaint on April 8, 1985.  The summons and complaint were not served on defendant, Chicago Housing Authority, until April 12, 1985, more than one year after plaintiff's injury.

The majority contends that to hold that the six-month notice period is satisfied by the filing of a complaint within six months without service within six months of the statutory notice period would defeat the legislative intent to insure the CTA's ability to make prompt investigation.  Slip op at 16.  The majority cites 
McCormack v. Leons
, 261 Ill. App. 3d 293, 296-97, 634 N.E.2d 1, 3-4 (1994) (reasonable diligence found with respect to service after 16 months).  However, significantly, the majority cites no cases that name the Chicago Transit Authority as a defendant where service has been unduly delayed.  This, because the CTA is easily located.  In my view, the opportunity for timely service of notice and investigation is insured when a complaint is filed against the CTA within the six-month statutory notice period.  This is because, when a lawsuit is filed within six months of the injury, both parties can be protected through existing civil litigation and discovery rules.  See 
Saragusa
, 63 Ill. 2d 288, 348 N.E.2d 176; see also 
Dunbar
, 64 Ill. 2d at 237, 356 N.E.2d at 92 (where the Illinois Supreme Court wrote:  "[W]e hold that the filing of the complaint within the six-month period satisfied the notice requirement of section 8-102 of the Tort Immunity Act").

Accordingly, I dissent.

FOOTNOTES
1:     
The Metropolitan Authority Transit Act was amended effective July 1, 1998.  That amendment does not affect the disposition of this case.  It added a second paragraph to section 41, imposing a duty upon the Transit Authority to provide a copy of section 41 of the Act to any person who notifies the Authority of an injury.  The Transit Authority must send this notice within 10 days of its receipt of the notice of injury, provided the notice of injury occurs within six months of the date of the injury or accrual of the cause of action.  The amendment further provided, "Compliance with this Section shall be liberally construed in favor of the person required to file a written statement."  70 ILCS 3605/41 (West Supp. 1997).

2:     
The CTA also argues that dismissal was proper because no notice in the manner set forth in section 41 of the Transit Act was ever provided.  The CTA argues that the filing of the complaint does not excuse the sending of notice.  This argument finds support in 
Erford v. City of Peoria
, 229 Ill. 546, 82 N.E. 374 (1907), a tort immunity case which held that the filing of a complaint within the six-month statutory notice period does not constitute compliance with the notice statute.  However, 
Erford
 was specifically overruled in 
Saragusa
, 63 Ill. 2d at 295-96, 348 N.E.2d at 181, also a tort immunity case.  See 
Dunbar v. Reiser
, 64 Ill. 2d 230, 235, 356 N.E.2d 89, 91 (1976) (stating that 
Saragusa
 overruled 
Erford
 
and holding that the filing of complaint without service of any notice within the statutory notice period satisfies the notice requirement of section 8-102 of the Tort Immunity Act).

3:     
The notice provision in section 8-102 of the Tort Immunity Act was repealed effective November 25, 1986.  Pub. Act 84-1431, eff. November 25, 1986 (repealing Ill. Rev. Stat. 1985, ch. 85, par. 8-102).

4:     
The plaintiff also argues that 
Gass v. Metro-East Sanitary District
, 186 Ill. App. 3d 1077, 542 N.E.2d 1229 (1989), which applied the notice provision of the Metro-East Sanitary District Act of 1974 (Ill. Rev. Stat. 1989, ch. 42, par. 501-5), rejected 
Lane
's reliance on the service date as the date of first notice rather than the date of the filing of the complaint.  We disagree.  In 
Gass
, the court explicitly stated that it was required to adopt the date of the filing of the complaint as the date of first notice because the date of service of summons and complaint could not be determined from the record.  
Gass
, 186 Ill. App. 3d at 1090, 542 N.E.2d at 1238.  The court did not reject 
Lane
 since it was not faced with the same factual issue as was present in 
Lane
.