No. 2--04--0937

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

SUBURBAN 1, INC., d/b/a RE/MAX ) Appeal from the Circuit Court

Suburban, ) of Du Page County.

)

Plaintiff-Appellant, )

)

v. ) No. 03--L--880

)            

GHS MORTGAGE, LLC, d/b/a Windsor )

Mortgage; KAREN SULLIVAN; and ) ) 

DOUGLAS SULLIVAN, ) Honorable

) Hollis L. Webster,

Defendants-Appellees. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Suburban 1, Inc., appeals the dismissal with prejudice of its third amended complaint alleging fraud and conspiracy against defendants GHS Mortgage, LLC (doing business as Windsor Mortgage), Karen Sullivan, and Douglas Sullivan, in this case involving a failed real estate deal.  We affirm.

The following facts are taken from the record.  On May 1, 2003, David and Cathy Griffith, realtors with Suburban 1, Inc., a real estate broker, were retained by George and Connie Jiang to sell their home in Wheaton, Illinois.  The contract between the Griffiths and the Jiangs provided that, upon the sale of the Jiangs' home, Suburban 1 would receive a percentage of the sale price as a commission.  Subsequently, the Sullivans made an offer to purchase the Jiangs' home.  Because the Sullivans' offer was contingent upon the sale of the Sullivans' home, the Jiangs refused the offer.  Later, two offers were made simultaneously for the Jiangs' house; one of the offers was from the Sullivans.  The Sullivans' second offer exceeded the Jiangs' asking price by $5,000 and did not contain a contingency that the Sullivans first sell their home.  However, the offer did contain a contingency that the Sullivans obtain 90% financing by June 16, 2003, for a conventional 30-year fixed-rate mortgage at a rate not to exceed 6%.  The Jiangs accepted the Sullivans' offer on May 9, 2003.  

Two days before the Jiangs accepted the Sullivans' offer, Kevin Morse, branch manager of Windsor Mortgage, signed a letter stating that the Sullivans qualified and were approved for financing of 90% of the sale price of the Jiangs' home and that the sale of the Sullivans' current home was not required for their mortgage approval.  The letter also stated that final approval would be available within one or two weeks after the Sullivans' formal mortgage application and a satisfactory appraisal of the Jiangs' home.

After the Jiangs entered into the contract to sell their home to the Sullivans, the Jiangs entered into a contract to purchase a home in Naperville.  The Griffiths were their agents for this transaction as well.  The contract for the Jiangs' purchase of the Naperville home was contingent on the sale of their home in Wheaton to the Sullivans and the Sullivans' obtaining a final mortgage commitment. 

The Sullivans had not received the necessary financing by June 16 as required by the contract.  Therefore, the Sullivans asked for and received a seven-day extension of time to obtain a mortgage commitment.  On June 23, 2003, the Sullivans requested another seven-day extension, but the Jiangs denied the request this time and terminated the real estate sales contract on June 25, 2003.

When the sale of the Jiangs' home to the Sullivans fell through, the Jiangs' purchase of the Naperville home fell through as well because it was contingent on the Sullivan sale.  Subsequently, the Jiangs decided not to move, and they took their Wheaton home off the market.  Consequently, Suburban 1 received no commission from these failed deals.

On August 20, 2003, Suburban 1 filed a three-count complaint against Windsor Mortgage and Karen and Douglas Sullivan, alleging fraud and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1 
et seq.
 (West 2002)).  This and two amended complaints were variously nonsuited and dismissed. 

On July 12, 2004, Suburban 1 filed its third-amended complaint, alleging common-law fraud and fraudulent civil conspiracy against all three defendants, and alleging a violation of the Act against Windsor Mortgage.  The trial court dismissed the complaint pursuant to sections 2--615 and 2--619(a)(9) of the Code of Civil Procedure.  735 ILCS 5/2--615, 2--619(a)(9) (West 2002).  This appeal followed.

On appeal, Suburban 1 first argues that the trial court erred by dismissing count I of its complaint, alleging common-law fraud.  We disagree.  

 A motion to dismiss a complaint pursuant to section 2--615 attacks the legal sufficiency of the complaint.   
Joseph v. Chicago Transit Authority
, 306 Ill. App. 3d 927, 930 (1999).  In reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that can be drawn from those facts.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 86 (1996).  "Pleadings are to be liberally construed, and a pleader is not required to set out his evidence but only the ultimate facts to be proved."  
Gilmore v. Stanmar
,
 Inc.
,  261 Ill. App. 3d 651, 654 (1994).  The court must determine whether the allegations of the complaint, when considered in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.
, 186 Ill. 2d 419, 424 (1999).  A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved that will entitle the plaintiff to relief.  
Van Horne v. Muller
, 185 Ill. 2d 299, 305 (1998).  The sufficiency of a complaint is an issue of law and is reviewed 
de novo
.  
Hynes v. Snyder
, 355 Ill. App. 3d 394, 397 (2005).

The elements of common-law fraud are (1) a false statement of material fact; (2) the defendant's knowledge that the statement was false; (3) the defendant's intent that the statement induce the plaintiff to act; (4) the plaintiff's reliance on the statement; and (5) the plaintiff's damages resulting from reliance on the statement.  
Miller v. William Chevrolet/GEO, Inc.
, 326 Ill. App. 3d 642, 648 (2001).

Suburban 1 alleged in count I of its complaint that Windsor Mortgage signed a letter falsely  stating that the Sullivans would be approved for a loan without first selling their current home.  The complaint alleged that defendants knew this was false when the statement was made.  However, the complaint does not contain facts that establish the third or fourth elements of fraud.  Instead, the complaint makes the conclusory allegation that defendants' statements were "made for the purpose of inducing reliance, and the statements were, in fact, relied upon by the Plaintiff to its detriment and injury."  The complaint contains no facts establishing that defendants directed the allegedly false statements to Suburban 1, intending Suburban 1 to rely on the allegedly false statements.  Further, the complaint contains no facts establishing what acts Suburban 1 actually took in reliance on defendants' allegedly false statements. Suburban 1's theory of reliance is that defendants' statements induced Suburban 1 and the Jiangs to reject other offers for the sale of the Jiangs' house and induced the Jiangs to decide to take their house off the market and stay there.  What Suburban 1 fails to understand is that these decisions were not Suburban 1's to make; they were entirely the Jiangs'.  The complaint contains facts that establish that if anyone relied on defendants' allegedly false statements,  it was the Jiangs and not Suburban 1.  Further, there is nothing in the complaint to establish that Suburban 1 was a third-party beneficiary to the Jiangs' contracts for the sale of their home and the purchase of another home.  Accordingly, the trial court properly dismissed count I of the third-amended complaint, alleging common-law fraud.  

Next, Suburban 1 argues that the trial erred by dismissing count III, alleging a violation of the Act.  We disagree with Suburban 1.

"The elements of a claim under the Act are:  (1) a deceptive act or practice by the defendant;  (2) defendant's intent that plaintiff rely on the deception;  (3) that the deception occur in a course of conduct involving trade and commerce; and (4) damages."  
Miller
, 326 Ill. App. 3d at 655.

In this count, Suburban 1 realleges the facts contained in the common-law fraud count.  Therefore, the same defects exist in this count as existed in count I.  Among those defects is that Suburban 1 failed to sufficiently plead that GHS Mortgage made statements with the intent to induce Suburban 1 to rely on its alleged deception.  Rather, the allegations can be reasonably read to establish only that GHS Mortgage made the allegedly false statements to induce the Jiangs to rely on them.  Therefore, the trial court properly dismissed count III, alleging a violation of the Act.

Finally, we address Suburban 1's argument that the trial court erred by dismissing count II, alleging civil conspiracy.  This count fails because it is premised on a house of cards, namely, the faulty claims alleged in counts I and III.

The elements of a civil conspiracy claim are: (1) an agreement between two or more persons to participate in an unlawful act or a lawful act in an unlawful manner;  (2) an injury caused by the defendant;  and (3) an overt act committed in furtherance of the common scheme.  
Pawlikowski v. Toyota Motor Credit Corp.
, 309 Ill. App. 3d 550, 564 (1999).

Here, Suburban 1 alleged that the Sullivans and GHS Mortgage acted in concert to accomplish the acts alleged in counts I and III.  However, because we have already determined that the acts alleged in counts I and III do not establish unlawful acts, count II must also fail.  Accordingly, the trial court properly dismissed count II along with the other two counts contained in the complaint.

Suburban 1 also argues that the trial court improperly considered an affidavit filed in support of GHS Mortgage's section 2--619 motion to dismiss.  Because we affirm based on Suburban 1's failure to state a cause of action, and not on any affirmative matter, we need not address this issue. 

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.